■ JOHN FERRI, Respondent, v PUBLIC EMPLOYEES FEDERATION, AFL-CIO, PROFESSIONAL, SCIENTIFIC AND TECHNICAL SERVICES UNIT, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered August 3, 1982 in Schenectady County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action. On April 2, 1980, plaintiff, a tax technician in the State Department of Taxation and Finance (State) and a member of the Public Employees Federation (PEF), received a notice of discipline charging him with acts of misconduct and terminating his employment. Since plaintiff failed to file a grievance within 14 days contesting his discharge, as provided in the collective bargaining agreement between PEF and the State, he was not afforded a hearing. A 1980 CPLR article 78 proceeding against the State seeking reinstatement was dismissed because plaintiff admittedly did not comply with the time requirement of the collective bargaining agreement. In 1982, plaintiff commenced the present action against PEF and its president alleging denial of fair representation. In his complaint plaintiff contends that throughout the critical 14-day period, during which he was required to file a grievance if he intended to challenge his dismissal, he repeatedly sought the assistance of his union but, despite his efforts, his representative failed to assist him. Defendants moved to dismiss the complaint on the ground it failed to state a cause of action (CPLR 3211, subd [a], par 7). Special Term denied the motion and this appeal by defendants ensued. We affirm. While PEF is the exclusive representative for collective negotiations with respect to salaries, wages, hours and other terms and

conditions of employment of employees serving in positions in the Professional, Scientific and Technical Services Unit, the contract negotiated by PEF with the State did not make PEF the employees' exclusive representative for the purpose of challenging disciplinary action. Section 33.5 of the agreement between PEF and the State provides that where, as here, an employee has received a notice of discipline, that person has the right to object by filing a disciplinary grievance within 14 calendar days and is entitled to be represented by PEF or by an attorney of his own choice at every step of the disciplinary proceeding. This lack of exclusivity by plaintiff's union does not relieve that body from its duty of fair representation of its membership when an employee timely requests such representation to press a disciplinary grievance against the employer (see *Jackson v Regional Tr. Serv.*, 54 AD2d 305, 308). To accept PEF's position that lack of exclusivity of representation in the subject contract in the vital area of wrongful discharge of an employee relieves that body of any duty of fair representation would effectively relieve the union of any responsibility on behalf of its membership in the area of disciplinary grievances. We deem it unwise to encourage such a result. Accordingly, we agree with Special Term that the complaint allegations of timely request for representation by defendants and their failure to act within the critical 14-day period state a viable cause of action. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.