■ ANN LOHIER, Respondent, v DISTRICT 1199, NATIONAL UNION OF HOSPI-TAL AND HEALTH CARE EMPLOYEES et al., Appellants, et al., Defendant. — In an action by an employee seeking damages against her former employer for wrongful discharge and against her union for breach of its duty of fair representation, the appeal is from an order of the Supreme Court, Kings County (Dowd, J.), dated October 13, 1981, which denied appellants' motion seeking (a) leave to amend their answer to include the affirmative defense of the Statute of Limitations, and (b) dismissal of the complaint against them upon that defense. Order reversed, on the law, without costs or disbursements, motion granted and complaint dismissed as to appellants. Plaintiff's discharge became final, under the terms of the collective bargaining agreement, when the grievance was not submitted to arbitration within 15 working days after the completion of the final step of the grievance procedure. Accordingly, this action, brought more than six months thereafter, is time barred (*DelCostello v International Brotherhood of Teamsters,* 462 US __, 51 USLW 4693; *United Steelworkers of Amer., AFL-CIO v Flowers,* 462 US __, 51 USLW 4693; *Taylor v St. John's Episcopal Hosp.,* 96 AD2d 886; US Code, tit 29, § 160, subd [b]). The only basis set forth for denying appellants' motion to amend their answer to assert the Statute of Limitations as a defense was the purported lack of merit to the defense. Since we find that the proposed defense is indeed meritorious, that branch of the motion seeking leave to amend the answer to include such defense is granted (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934), and upon such amendment that branch of the motion seeking to dismiss the complaint as against the appellants as time barred is likewise granted. Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.

■ WILMA MELSTEIN, Respondent, v RONALD MELSTEIN, Appellant. — In an action for divorce, the defendant husband appeals (1) from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated April 27, 1982, which, *inter alia,* granted the plaintiff wife a divorce and custody of the parties' child, adjudged that defendant was to have no visitation with the child and directed defendant to pay plaintiff the sum of $50 per week as child support, and (2) from an order of the same court, dated June 21, 1982, which denied his motion for a stay of the above-mentioned judgment and for a new trial. Judgment and order affirmed, without costs or disbursements. Under the circumstances herein, defendant's refusal to submit to a psychiatric evaluation was a suffi-cient ground for denying him visitation rights. We note, however, that this is without prejudice to his moving for modification upon a showing of his willingness to submit to a court-ordered psychiatric evaluation. Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.