■ ZACHARY TAYLOR, Respondent, v ST. JOHN'S EPISCOPAL HOSPITAL et al., Appellants. — In an action by an employee seeking damages against his employer for wrongful discharge and against his union for breach of its duty of fair representation, defendant Davis appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated February 9, 1982, as denied his motion pursuant to CPLR 3211 (subd [a], par 5) to dismiss the complaint against him as barred by the Statute of Limitations, and the defendant St. John's Episcopal Hospital appeals from so much of the same order as denied that branch of its motion which sought summary judgment dismissing plaintiff's complaint against it on the same ground. Order reversed insofar as appealed from, on the law, without costs or disbursements, motion of defendant Davis and that branch of the motion of defendant St. John's Episcopal Hospital which sought dismissal of plaintiff's complaint as time barred granted and complaint dismissed. On September 19, 1979, plaintiff, a member of defendant District 1199, National Union of Hospital and Health Care Employees, RWDSU/AFL-CIO, was discharged from his job at St. John's Episcopal Hospital. He was charged with having failed to properly sterilize certain hospital instruments. The collective bargaining agreement between the hospital and the union provides, *inter alia,* for a three-step internal grievance process with final review in arbitration. It also provides that in cases of discharge a grievance may be presented directly at the final grievance step within 10 days of receipt of notice of discharge. In addition, the agreement provides that any disposition of a grievance from which no appeal is taken within the specified time limits shall be deemed resolved and shall no longer be subject to the grievance arbitration provisions of the agreement. According to plaintiff, despite his repeated requests to the union, no grievance was ever filed on his behalf. On or about June 26, 1981, nearly two years after his discharge, plaintiff commenced this action charging that the hospital had discharged him in breach of the collective bargaining agreement, and that the union, by failing to file a grievance, had breached its duty of fair representation. Defendants contend that the action is time barred. Special Term denied defendants' applications to dismiss the complaints, holding, *inter alia,* that the action was governed by the six-year Statute of Limitations for contract actions (CPLR 213, subd 2) and was therefore timely commenced. Actions such as the instant one by an employee against an employer for breach of a collective bargaining agreement and against a union for breach of its duty of fair representation are governed by section 301 of the Labor Management Relations Act (US Code, tit 29, § 185). While such actions may be brought in either Federal or State courts, they are controlled by Federal substantive law (see *Vaca v Sipes,* 386 US 171; *Smith v Evening News Assn.,* 371 US 195). As section 301 contains no Statute of Limitations, the period of limitation for actions brought thereunder must be found elsewhere. Generally the Statute of

Limitations will be found by looking to State law for the most closely analogous Statute of Limitations (*Holmberg v Armbrecht,* 327 US 392). Since, however, section 301 encompasses a broad range of actions by or against a labor organization other than these dual aspect suits against both a union and an employer, a determination of the appropriate Statute of Limitations to be applied is dependent upon a characterization of the nature of the action (see *Auto Workers v Hoosier Corp.,* 383 US 696). In a section 301 suit similar to the one at bar, the 90-day New York Statute of Limitations for actions to vacate an arbitration award (CPLR 7511, subd [a]) was applied to that aspect of the suit which was against the employer for breach of the collective bargaining agreement (*United Parcel Serv. v Mitchell,* 451 US 56). More recently, however, parting with its holding in *Mitchell,* the United States Supreme Court held that rather than a State Statute of Limitations, the most appropriate Statute of Limitations to be applied to *both* aspects of a dual-natured section 301 suit such as the instant one was the Federal six-month period of limitation for filing an unfair labor practice charge with the National Labor Relations Board under subdivision (b) of section 10 of the National Labor Relations Act (*DelCostello v International Brotherhood of Teamsters,* 462 US __, 51 USLW 4693; *United Steelworkers of Amer., AFL-CIO v Flowers,* 462 US __, 51 USLW 4693; US Code, tit 29, § 160, subd [b]). The court declared that the Federal labor policy for swift resolution of labor disputes was ill served by analogizing these dual-natured section 301 suits, as had been done in the past, to actions to vacate arbitration awards, contract actions, and legal malpractice actions, in an effort to borrow an appropriate State Statute of Limitations. It was noted that despite the general rule, resort to an analogous State limitation period was not obligatory "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that [Federal] rule a significantly more appropriate vehicle" (*DelCostello v International Brotherhood of Teamsters,* 462 US __, 51 USLW 4693, 4699, *supra*). The instant action was clearly commenced more than six months after plaintiff's discharge was rendered final pursuant to the terms of the collective bargaining agreement and, accordingly, was time barred. Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.