■ MADIE CALLENS, as Administratrix of the Estate of BURKE CALLENS, Deceased, Respondent-Appellant, v SIMMONS MACHINE TOOL CORPORATION, Appellant-Respondent, et al., Defendant. — Casey, J.

· Contrary to the present claim of defendant Simmons Machine Tool Corporation (hereinafter defendant) that plaintiff resigned his employment to avoid being fired, defendant's own records, plaintiff himself, and a finding by the Unemployment Insurance Appeal Board all indicate that plaintiff was discharged from his employment in the following circumstances. On February 25, 1981, plaintiff removed from defendant's premises a 55-gallon drum of aluminum chips and sold it for scrap at a junkyard. The Unemployment Insurance Appeal Board found that plaintiff did this with the permission of a superior named Hugo Kalvaitis, who told plaintiff that the chips were waste and would be discarded. Kalvaitis himself was discharged by defendant for a similar incident. On February 26, 1981, a meeting was held between plaintiff, plaintiff's union and defendant, at which time a request by the representative of plaintiff's union to give plaintiff another chance was denied and plaintiff was terminated.

Plaintiff then instituted suit against defendant and the union by service of a summons and complaint on August 2, 1982, seeking damages for lost earnings, reduced earning capacity and

mental anguish. Defendant moved for summary judgment dismissing the complaint for the reasons that it was time barred, that the alleged causes of action lacked merit and that plaintiff failed to exhaust administrative remedies. The motion was denied by Special Term. Plaintiff's cross motion for similar relief, on the ground that defendant was estopped from now claiming that plaintiff was discharged for just and reasonable cause by the prior adjudication of the Unemployment Insurance Appeal Board to the contrary, was likewise denied.

We reverse that part of the order appealed from which denied defendant's motion to dismiss the complaint for untimeliness. Actions, such as the instant one, by an employee against an employer for breach of a collective bargaining agreement and against a union for breach of its duty of fair representation are governed by Labor Management Relations Act § 301 (29 USC § 185) (*Taylor v St. John's Episcopal Hosp.*, 96 AD2d 886). Although such actions may be brought in either Federal or State courts, they are controlled by Federal substantive law (*Vaca v Sipes*, 386 US 171). The timeliness of a straightforward suit under section 301 for breach of a collective bargaining agreement by an employer, which closely resembles an action for breach of contract cognizable at common law, has been determined "by reference to the appropriate state statute of limitations" (*Auto Workers v Hoosier Corp.*, 383 US 696, 704, 705). Recently, however, the United States Supreme Court held that the most appropriate Statute of Limitations to be applied to a section 301 suit that alleges both a breach of a collective bargaining agreement by the employer and a breach of the duty of fair representation by a union, such as the instant one, is the Federal six-month period of limitation for filing an unfair labor practice charge with the National Labor Relations Board under National Labor Relations Act § 10 (b) (*DelCostello v Teamsters*, 462 US 151). The instant action was commenced more than six months after plaintiff's discharge and, accordingly, is time-barred.

Plaintiff's inclusion of causes of action for conspiracy and prima facie tort do not change this result. There is no Federal or State cause of action for conspiracy (*Abrams v Carrier Corp.*, 434 F2d 1234, 1254, *cert denied sub. nom. United Steelworkers of Am. v Abrams*, 401 US 1009) and there is no evidence of collusion between the union and defendant.

In view of the determination made herein, we reach no other issue.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant Simmons Machine Tool Cor-

poration's motion for summary judgment; motion granted and complaint dismissed against said defendant; and, as so modified affirmed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.