■ JOHN FERRI, Appellant, v PUBLIC EMPLOYEES FEDERA-TION, AFL-CIO, PROFESSIONAL SCIENTIFIC AND TECHNICAL SER-VICES UNIT, et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered May 23, 1984 in Schenectady County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint.

After plaintiff's employment with the State Department of Taxation and Finance was terminated, and after his CPLR article 78 proceeding seeking reinstatement was dismissed for failure to pursue an available grievance procedure, plaintiff commenced this action against defendant union and its president, alleging that the union had violated its duty of fair representation by failing to assist plaintiff in filing a grievance. This court affirmed Special Term's denial of defendants' motion to dismiss the complaint for failure to state a cause of action (92 AD2d 1054) and, thereafter, defendants moved to amend the answer to include as a defense the Statute of Limitations. The motion to amend was granted. Plaintiff then moved to reargue and defendants cross-moved for summary judgment dismissing the complaint as untimely. Special Term granted the motion to reargue, adhered to its prior decision authorizing amendment of the answer and granted defendants' summary judgment motion. We affirm.

In the recent case of *Del Costello v Teamsters* (462 US 151), the United States Supreme Court ruled that the most appropriate Statute of Limitations to be applied to a suit that alleges both a breach of a collective bargaining agreement by the employer and a breach of the duty of fair representation by a union is the Federal six-month period of limitation for filing an unfair labor practice with the National Labor Relations Board. Plaintiff contends that since his action is against the union only, *Del Costello* is not controlling and the six-month period should not be applied. This contention is meritless.

In *Del Costello,* the court noted that, while a suit against the employer and the union, "as a formal matter, comprises two causes of action * * * 'the two claims are inextricably interdependent' " *(id,* p 164, quoting *United Parcel Serv. v Mitchell,* 451 US 56, 66-67). The suit against the employer rests on Labor Management Relations Act § 301, while the suit against the union is "for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act" *(id.,* p 164 [footnote omitted]). Thus, the court explained "[t]he employee may, if he chooses,

sue one defendant and not the other; but the case * * * is the same whether he sues one, the other" or both *(id.,* p 165). We conclude, therefore, that where an employee claims that the union breached the duty of fair representation by mishandling the grievance/arbitration proceedings, the appropriate Statute of Limitations is the six-month period for filing an unfair labor practice, whether the employee sues both the employer and the union or the union alone *(Erkins v United Steelworkers,* 723 F2d 837, *cert denied* 467 US 1243; *Turco v Local Lodge 5,* 592 F Supp 1293). We also reject plaintiff's claim that the *Del Costello* holding should not be applied retroactively *(see, Callens v Simmons Mach. Tool Corp.,* 110 AD2d 994, 995).

Order affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.