■ In the Matter of HAUPPAUGE TEACHERS ASSOCIATION, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Public Employment Relations Board which dismissed improper practice charges filed against respondent Hauppauge Union Free School District.

In the summer of 1982, respondent Hauppauge Union Free School District (District) announced that, in the future, non-Regents summer school teachers would be required to work 32 days during summer school and to proctor Regents examinations. In September of 1982, it was announced that teachers in the District's gifted and talented program would thereafter be required to participate in overnight field trips. Petitioner was formally notified of the foregoing adopted policies at labor-management meetings in February of 1983. In March and April of 1983, petitioner sent letters to the District and thereby requested negotiations, claiming that the District had changed conditions of employment. The District declined to negotiate and maintained that they had not changed either

program, and that in the case of the summer school schedule, were merely enforcing previously agreed-upon conditions of employment.

In August of 1983, petitioner filed four improper practice charges against the District alleging violations of Civil Service Law article 14. Petitioner claimed that the District had unilaterally and without negotiations increased the number of days, the workload and the hours per day worked by the non-Regents summer school teachers and had unilaterally and without negotiations extended the workday of teachers in the gifted and talented programs.

On October 31, 1983, a hearing was held before an Administrative Law Judge (ALJ). He found the charges to be time barred. Regulations adopted by respondent Public Employment Relations Board (PERB) provide that "a charge that any public employer or its agents * * * has engaged in or is engaging in an improper practice may be filed * * * within four months thereof" (4 NYCRR 204.1 [a] [1]). The ALJ held that the gravamen of petitioner's improper conduct charges was the District's alleged unilateral change in the summer school and gifted and talented programs and that, at the latest, petitioner was notified by the District of those changes at labor-management committee meetings in February of 1983. The ALJ held that the February notification commenced the running of the four-month limitations period and specifically rejected the contention that petitioner recommenced the running of that period by sending letters requesting negotiations in March and April of 1983. The ALJ therefore ruled that the filing of charges in August of 1983, six months after such notification, was untimely. PERB affirmed the ALJ's decision.

On review, petitioner argues that the February 1983 notification of changes did not trigger the commencement of the limitations period on its charges. Since the charges filed by petitioner alleged unilateral changes *without negotiations* and petitioner had subsequently sent letters to the District requesting negotiations, petitioner maintains that the improper action complained of was the refusal to negotiate, not the unilateral changes, and that the limitations period began to run when the District responded to petitioner's letters and refused to discuss the changes (citing *Matter of De Milio v Borghard,* 55 NY2d 216).

We disagree. The charges filed by petitioner specifically addressed the changes made in the summer school and gifted and talented programs and alleged that they constituted

improper unilateral action by the District. Thus, the basis for petitioner's complaint was the District's unilateral action, not the refusal to negotiate. PERB's settled interpretation of 4 NYCRR 204.1 (a) (1) is that where the gravamen of a charge is a unilateral change in a term or condition of employment, and when there is advance notice of the change, the time to file the charge begins to run from the date of the notice *(Matter of Wells Cent. School Dist.,* 16 PERB ¶ 3107; *Matter of Onteora Cent. School Dist.,* 16 PERB ¶ 3098; *Matter of West Park Union Free School Dist.,* 11 PERB ¶ 3016; *Matter of County of Monroe,* 10 PERB ¶ 3104). Furthermore, PERB has consistently ruled that commencement time may not be extended by any subsequent attempts to negotiate prior unilateral changes *(Matter of Northport-East Northport Union Free School Dist.,* 13 PERB ¶ 4560). PERB justifies this interpretation on two grounds: (1) "A charge complaining of a public employer's unilateral action obviously embraces an allegation that the employer failed to negotiate the change. The time of the alleged violation, however, is that of the employer's unilateral action" *(Matter of Hauppauge Union Free School Dist.,* 17 PERB ¶ 3051); and (2) any other interpretation would allow the prosecution of stale claims, "a result the four month filing period was specifically designed to avoid" *(Matter of Northport-East Northport Union Free School Dist., supra,* ¶ 4611). Since PERB's interpretation is neither irrational nor unreasonable, it must be upheld *(Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 404).

We are also unpersuaded by petitioner's additional ground for tolling the limitations period for the improper practice charges regarding the gifted and talented program. In petitioner's March 1983 letter requesting negotiations on alleged changes in the gifted and talented program, petitioner claimed that the program had become a cocurricular activity and, hence, additional compensation for added time in the program by participating teachers was required under article XIII-C of the contract. The District replied that no such activity was contemplated and, hence, the issue was moot. Petitioner now argues that, by the District's statement that the issue was moot, it was mislead into believing the announced policy concerning the gifted and talented program was not going to be put into effect and that this tolled the period of limitations. However, the District had continuously maintained that teacher participation in the gifted and talented program was not a cocurricular activity covered by article XIII-C. Reading

its reply to petitioner's March 1983 letter in this context, it is readily apparent that the District was merely reiterating its position concerning the inapplicability of that article of the contract, making petitioner's request moot. Petitioner could thus not have been led to believe that the District's reply represented an abandonment of its previously announced policy concerning the subject program. Hence, this alternative ground for tolling the period of limitations is also unavailing.

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.