■ LINDA BAKER, Respondent, v BOARD OF EDUCATION OF THE WEST IRONDEQUOIT CENTRAL SCHOOL DISTRICT et al., Defendants and WEST IRONDEQUOIT TEACHERS ASSOCIATION, Appellant.—Order unanimously modified, on the law and as modified affirmed without costs, in accordance with the following memorandum: In this action by a teacher against her former employer for wrongful discharge and against her union for breach of its duty of fair representation, defendant West Irondequoit Teachers Association (Union) appeals from an order which denied its motion to dismiss the complaint and granted plaintiff's cross motion to correct the caption of the action by adding Thomas Nichols, president of the Union.

Plaintiff, a full-time mathematics teacher, was granted an educational leave of absence for the 1983-1984 school year to pursue graduate work in computer science. Plaintiff's request for an extension of the leave was denied, and plaintiff resigned effective September 4, 1984. On October 10, 1984, plaintiff requested that the Union represent her in prosecuting a grievance, but the Union refused her request on the ground

that she was not a Union member because she had resigned from her teaching position. Plaintiff commenced the instant action on July 8, 1985.

Special Term properly exercised its discretion in permitting plaintiff to add Mr. Nichols to the caption of the action. Since the Union is an unincorporated association, plaintiff's action was properly commenced against the Union president (see, General Associations Law § 13). The omission was a mere irregularity which did not prejudice the defendant Union since it was properly served through its president (see, CPLR 2001; Matter of Motor Haulage Co. [International Bhd.], 298 NY 208; Miller v Student Assn., 75 AD2d 843).

Special Term erred, however, in denying the Union's motion to dismiss plaintiff's sixth cause of action as untimely. The applicable Statute of Limitations for a cause of action for breach of the duty of fair representation is the Federal six-month period for filing an unfair labor practice (see, 29 USC § 160 [b]; DelCostello v Teamsters, 462 US 151; Taylor v St. John's Episcopal Hosp., 96 AD2d 886, 887). Here, plaintiff's sixth cause of action accrued on October 10, 1984 when the Union notified plaintiff it would not represent her. Since plaintiff did not commence this action against the Union until almost nine months later on July 8, 1985, her action was untimely and should have been dismissed (CPLR 3211 [a] [5]). Plaintiff's claim that her cause of action for breach of a duty of fair representation did not commence until February 25, 1985, when the Union upheld its earlier refusal to represent her, is without merit. A reconsideration without a subsequent change in position is insufficient to recommence the period of limitation (Matter of Hauppauge Teachers Assn. v New York State Public Employment Relations Bd., 116 AD2d 816, lv denied 67 NY2d 607; Matter of West Park Union Free School Dist., 11 PERB ¶ 3016).

Special Term also erred in denying the Union's motion to dismiss the sixth cause of action for failure to state a cause of action (CPLR 3211 [a] [7]). Although the duty of a labor union to represent fairly public employees is recognized in New York (see, Matter of Civil Serv. Bar Assn. v City of New York, 64 NY2d 188, 196; De Cherro v Civil Serv. Employees Assn., 60 AD2d 743, 744; see also, Vaco v Sipes, 386 US 171, 190-191), there is no duty to represent someone who is not a member of a union. A collective bargaining agreement defines a "grievance" as any violation which affects the conditions of employment of "unit members" (art XIV, § II [2.1]). A unit member is a teacher "regularly employed" by the District (art I, §§ A, E).

Since plaintiff ceased to be a regular employee when she resigned effective September 4, 1984, the Union had no duty to represent her with respect to her grievance filed a month after her resignation. *(see, Smith v Sipe,* 67 NY2d 928). We have considered the other claims raised and find them to be without merit. (Appeal from order of Supreme Court, Monroe County, Patlow, J.—dismiss complaint.) Present—Dillon, P. J., Denman, Green, Balio and Lawton, JJ.