◼ STANLEY P. PECULIS, Appellant, v LONGVIEW FIBRE COMPANY et al., Defendants, and PRINTING SPECIALTIES AND PAPER PRODUCTS UNION No. 757 OF AMSTERDAM, NEW YORK, LOCAL UNION OF INTERNATIONAL PRINTING AND GRAPHIC COMMUNICATIONS UNION, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (White, J.), entered May 13, 1986 in Montgomery County, which granted defendant union's motion to (1) amend its answer to include the defense of Statute of Limitations and (2) dismiss plaintiff's action against it on the ground that the action is time barred.

On or about July 15, 1981, defendant Longview Fibre Company (hereinafter Longview) discharged plaintiff from his job while he was hospitalized for psychiatric treatment following an incident at work in which plaintiff allegedly threatened his superior with a knife. Plaintiff, a member of defendant Printing Specialties and Paper Products Union No. 757 of Amsterdam, New York, Local Union of International Printing and Graphic Communications Union (hereinafter the union), sought assistance from the union in filing a grievance against

Longview. The collective bargaining agreement required that grievances be processed within five days of an employee's termination. After discharge from the hospital, plaintiff continued to seek the union's assistance and he contends that he was led to believe that the matter was being pursued. On December 30, 1981, in response to plaintiff's repeated requests, the union's president signed a "to whom it may concern" letter stating that the union had done everything within the framework of the contract with Longview regarding the discharge. Plaintiff alleged that he received this letter on January 2, 1982. On December 23, 1981, plaintiff made an unfair labor practice charge against the union with the National Labor Relations Board (hereinafter NLRB). The charge was rejected by the NLRB on January 28, 1982.

Plaintiff commenced this action on July 7, 1982 seeking, *inter alia,* damages against the union for alleged unlawful discriminatory practices and breach of the duty of fair representation. In a second cause of action against Longview and its plant manager, plaintiff sought damages for false arrest. On April 10, 1986, Supreme Court granted the union's motion for leave to amend its answer under CPLR 3025 (b) to include the Statute of Limitations as an affirmative defense based upon the United States Supreme Court decision in *DelCostello v Teamsters* (462 US 151), which adopted a six-month time limitation on actions against a union alleging breach of the duty of fair representation. Supreme Court thereupon granted the union's CPLR 3211 (a) (5) motion to dismiss the complaint as time barred. This appeal by plaintiff followed.

Plaintiff contends that the grant of leave to amend on the eve of trial, some 2½ years after the decision in *DelCostello,* was an abuse of discretion. We disagree. There is general agreement that leave to amend pleadings under CPLR 3025 (b) shall be freely given "absent prejudice or surprise resulting directly from the delay" *(McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; accord, *Edenwald Contr. Co. v City of New York,* 60 NY2d 957). "Lateness alone is no barrier to the amendment" under CPLR 3025 (b) *(Sheppard v Smith Well Drilling & Water Sys.,* 102 AD2d 919). While the defendant must show a reasonable excuse for delay in seeking to amend pleadings *(March v St. Volodymyr Ukranian Catholic Church,* 117 AD2d 864), the plaintiff must also demonstrate that it has been prejudiced directly from the delay *(Edenwald Contr. Co. v City of New York, supra,* at 959). We find it was not inappropriate for the union to wait for a court determination as to whether the

*DelCostello* holding would be applied retroactively *(see, Ferri v Public Employees Fedn.,* 115 AD2d 814, 815; *Callens v Simmons Mach. Tool Corp.,* 110 AD2d 994, 995). Since no new factual situation evolved which significantly prejudiced plaintiff and since both parties were aware of the legal significance of the holding in *DelCostello,* it cannot be said that Supreme Court abused its discretion in granting the union's motion to amend.

Resolution of the remaining issue, i.e., whether the action was time barred, depends upon the date the action accrued. The union maintains that since no action was taken on plaintiff's grievance during the five-day grievance period set forth in the collective bargaining agreement, his termination became final and the union's breach of duty, if any, occurred at that time, i.e., July 20, 1981. Plaintiff contends that the union's continued dialogue with him subsequent to July 20, 1981 caused the statute to be tolled and that the time bar did not commence until he actually received the December 30, 1981 letter, which he interprets as the union's first "unequivocal" refusal to further act on plaintiff's behalf.

A claim against a union for breach of the duty of fair representation accrues when a plaintiff knows or should reasonably have known that the breach occurred *(see, King v New York Tel. Co.,* 785 F2d 31, 34). In plaintiff's charge against the union made to the NLRB and signed *December 23, 1981,* plaintiff alleged a breach of the duty of fair representation. Therefore, at the latest, on that date, if not on July 20, 1981, the time limitation commenced to run and service of process on July 7, 1982, more than six months thereafter, was untimely *(see, DelCostello v Teamsters,* 462 US 151, *supra; Ferri v Public Employees Fedn.,* 115 AD2d 814, 815, *supra; Callens v Simmons Mach. Tool Corp.,* 110 AD2d 994, *supra; Lohier v District 1199,* 96 AD2d 884).

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.