■ SAMUEL LEVY, Appellant, v FRANCIS J. SCHAEFER, Respondent.—Harvey, J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered October 20, 1988 in Albany County, which granted defendant's motion to strike plaintiff's note of issue and ordered discovery to proceed, (2) from an order of said court, entered February 1, 1989 in Albany County, which granted defendant's motion to compel plaintiff to accept an amended answer, and (3) from an order of said court, entered June 28, 1989 in Albany County, which denied plaintiff's motion for a protective order.

This defamation action was commenced by plaintiff in August 1987 against defendant, a chief of audit employed by the Massachusetts Department of Revenue, plaintiff's former employer. An answer was timely interposed by defendant's Massachusetts counsel, an attorney also admitted to the Bar of New York. Thereafter, plaintiff allegedly served a note of issue on defendant's counsel by mail on June 6, 1988. On June 27, 1988 defendant retained New York counsel, who made a motion the next day to strike the note of issue principally upon the grounds that pretrial discovery was not complete and that the case was not ready for trial. Supreme Court granted this motion and ordered discovery to go forward. Plaintiff filed a notice of appeal from this order.

Subsequently, the parties participated in a meeting in Supreme Court chambers in Albany at which defendant claims that plaintiff orally agreed that defendant could amend his answer (drafted by his Massachusetts attorney) so that the form of the answer would more closely resemble the form employed in the courts of New York. Plaintiff denied defen-

dant's contention and rejected the amended answer. Defendant then made a motion to compel plaintiff to accept the amended answer and Supreme Court granted the motion. Plaintiff filed another notice of appeal from this order. Plaintiff's motion for these two appeals to be heard together was granted by this court.

Thereafter, in May 1989, defendant served plaintiff with a notice for discovery and inspection. Plaintiff moved for a protective order to prevent the onset of discovery because of the issues pending before this court. Supreme Court denied this motion and plaintiff filed a third notice of appeal. Plaintiff's motion that all three appeals be consolidated and heard together was thereafter granted by this court.

Initially, we reject plaintiff's contention that Supreme Court erred in granting defendant's motion to strike his note of issue because it was untimely. Although defendant did not move to vacate the notice of issue within 20 days of its service as required by 22 NYCRR 202.21 (e), it appears that plaintiff served the note of issue upon defendant's counsel by mail on June 6, 1988. Therefore, pursuant to CPLR 2103 (b) (2), five days were added to the prescribed period (see, Levine v McFarland, 98 AD2d 795, 796) making defendant's motion on June 28, 1988 a timely one. Were it not, we would still find that Supreme Court properly vacated the note of issue on its own motion because the instant note of issue incorrectly gave the impression that discovery was completed when it was not (22 NYCRR 202.21 [e]).

Turning to the next order appealed from, we find no error in Supreme Court's granting of defendant's motion for an order compelling plaintiff to accept defendant's amended answer. Since there is no proof in the record that plaintiff actually stipulated to allow defendant to amend his answer, Supreme Court's order must be viewed as impliedly granting defendant leave to amend pursuant to CPLR 3025 (b). Plaintiff argues that granting such leave was an abuse of the court's discretion since the amended answer did not set forth "additional or subsequent transactions or occurrences" (CPLR 3025 [b]). This argument lacks merit because the statutory language quoted by plaintiff refers to supplemental pleadings (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:9, at 480), rather than amendments to pleadings, which are to be granted "for almost any purpose, as long as the adverse party cannot claim prejudice" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:4, at 476). Plaintiff fails to allege any preju-

dice whatsoever by the amendment of defendant's answer. Therefore we decline, under the circumstances of this case, to disturb the sound exercise of Supreme Court's discretion *(see, Peculis v Longview Fibre Co.,* 135 AD2d 929, *appeal dismissed* 72 NY2d 909, *lv denied* 74 NY2d 615).

Finally, with respect to the last order appealed from denying plaintiff's motion for a protective order, we note that plaintiff requested this relief solely because of his concern over the fact that Supreme Court's order directing discovery was still pending on appeal to this court. Since we hold that said order was entirely proper, the appeal from the denial of plaintiff's request for a protective order has been rendered academic and must be dismissed.

Orders entered October 20, 1988 and February 1, 1989 affirmed, and appeal from order entered June 28, 1989 dismissed, as academic, with costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.