■ Susan G. B., Appellant, v Yehiel B. - H., Respondent. [627 NYS2d 384] —Order of the Supreme Court, Bronx County, (Lorraine Backal, J.), entered August 29, 1994, which directed that defendant have certain temporary visitation with a decision on defendant's motion seeking unsupervised visitation and other relief to await forensic reports, and order of the same court and Justice, entered November 15, 1994, modifying an order of November 9, 1994 suspending visitation to the extent of reinstating the visitation pursuant to the order of August 29, 1994, until all forensics are completed and an evaluation report submitted, are both unanimously reversed, on the law and facts, to the extent appealed from, and the provisions for visitation by the defendant-father are vacated until completion of forensic psychiatric examination of the defendant and another hearing, with costs and disbursements payable by the defendant-respondent.

The record herein shows a history of physical abuse of the plaintiff by the defendant. There was also a strong showing of his manipulation of the children, including his coaching one of the girls to lie to the police about the source of a bruise (telling her to say her mother had hit her). There was also some evidence that defendant had struck the children.

Pursuant to Domestic Relations Law § 240, visitation with non-custodial parents is preferred and questions relating to custody and visitation must be made by determining the best interests of the children. While "[v]isitation is a joint right of the noncustodial parent and of the child", the first consideration is "the primacy of the child's welfare" (Weiss v Weiss, 52 NY2d 170, 175, 174). However, where as here, the non-custodial parent's "anger and hostility towards the [custodial parent] caused [him] to engage in conduct which was clearly detrimental to [his] children's welfare", including filing unfounded child abuse complaints, losing his temper against plaintiff and the children, and encouraging a child to lie to the police about the

plaintiff, visitation "would be detrimental to the welfare of the children", and should, therefore, be suspended (*Jones v Jones*, 185 AD2d 228, 229-230). Besides these actions, defendant, herein, was actually physically abusive, demonstrated by testimony he broke plaintiff's nose and also hit the children. Moreover, defendant's refusal to submit to a forensic psychiatric examination, after requesting forensics, is another independent ground for denying visitation (*see, Melstein v Melstein*, 96 AD2d 884). We, therefore, suspend defendant's visitation pending completion of said examination and a subsequent hearing. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.