■ In the Matter of MARY LOU ROGERS, Appellant, v NICHO-LAS FODOR, Respondent. (And Another Related Proceeding.) [762 NYS2d 667] —Kane, J. Appeal from an order of the Family Court of St. Lawrence County (Main, Jr., J.), entered May 6, 2002, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to, inter alia, modify a prior order of visitation.

As a result of an in-court stipulation in October 2001, Family Court ordered that petitioner have 1½ hours of supervised visitation with her child every other Wednesday afternoon, and a phone call on Sunday evenings. Petitioner never exercised her visitation under the stipulation and order. In January 2002, just 3½ months after the entry of the supervised visitation order, petitioner filed a petition for modification alleging a change in circumstances in that she had been sober for four years and she did not have transportation available to attend her supervised visitation. Respondent answered, alleging continued incidents of alcohol abuse by petitioner and asserting that volunteer transportation was available as part of the supervised visitation program.

At an appearance by the parties and Law Guardian in February 2002, Family Court ordered an updated probation investigation, updated mental health and substance abuse evaluations, and a medical examination of petitioner. Petitioner appeared without counsel and raised no objection to the court's order, though she did indicate a lack of funds available to pay for the evaluations. In order to reduce the cost and inconvenience, Family Court allowed petitioner to provide releases for any evaluations that had been performed within the prior six months in lieu of new evaluations. A few weeks later, Family Court assigned counsel for petitioner. Petitioner made an ap-

plication in March 2002 for, among other things, modification and different counsel alleging that assigned counsel maintained his office at an inconvenient distance from petitioner's residence and that petitioner had several telephone conferences with counsel in 1998, at which time he did not want to assist her. Petitioner reiterated that she did not have the financial resources to complete all of the court-ordered tests and evaluations. By decision and order filed April 18, 2002, Family Court denied the application to relieve counsel and directed petitioner to notify the court within 10 days as to her intentions with regard to the petitions and whether she intended to proceed. The order indicated that the matter would be scheduled for further proceedings upon confirmation of petitioner rescheduling an appointment with the probation officer assigned to conduct the court-ordered investigation. The order further provided that if petitioner failed to communicate her intentions, the petitions would be dismissed. By timely letter, petitioner again advised the court of the reasons for her dissatisfaction with the attorney assigned to represent her and that she was unable to afford the $100 fee for the probation investigation. By order dated May 6, 2002, Family Court determined that petitioner's letter was unresponsive to the court's directive since it did not indicate petitioner's intent to proceed on her petitions, and consequently dismissed the petitions without prejudice.

Given the allegations before Family Court, the physical appearance of petitioner and her total lack of visitation with the child for in excess of 3½ years, the court properly exercised its discretion in ordering mental and physical evaluations and an updated probation report (*see* Family Ct Act §§ 251, 252; *Matter of Farnham v Farnham*, 252 AD2d 675, 677 [1998]). Family Court properly assigned counsel to represent petitioner (*see* Family Ct Act § 262 [a] [v]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]), and properly denied petitioner's application to remove counsel.

Family Court may deny visitation to parties that refuse to submit to examinations (*see Matter of Zirkind v Zirkind*, 218 AD2d 745, 746 [1995]; *Susan G.B. v Yehiel B.H.*, 216 AD2d 58, 59 [1995]). At her appearance before Family Court in February 2002, in her petition to remove counsel and be relieved of the order to attend evaluations, and in her responding letter to the court, petitioner repeatedly raised her indigency as the reason for her failure to arrange for a follow-up home investigation by the Probation Department and for evaluations. By virtue of the assignment of counsel to petitioner, Family Court was familiar

with petitioner's financial circumstances, yet made no further inquiry to determine her ability to pay for the multiple services directed by the court. Without such inquiry, Family Court could not determine that petitioner willfully refused compliance with its order for a home study and evaluations (*see Matter of Zirkind v Zirkind, supra* at 746; *Susan G.B. v Yehiel B.H., supra* at 59). The court neither fixed the fee and schedule of payment for the probation investigation nor considered waiving the fee based upon petitioner's financial circumstances (*see* Family Ct Act § 252-a [a]). Finally, Family Court never scheduled an appearance with counsel, but dismissed the petitions on its own motion for petitioner's failure to reschedule the appointments or clearly express her intentions. Under the circumstances, the order must be reversed.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law and facts, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.