■ CLARICE ALBERTA BLAMER, Appellant, v AVTAR SINGH, Respondent. [797 NYS2d 777]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Price, J.), dated January 13, 2005, as granted that branch of the defendant's motion which was to preclude her from testifying at trial unless she submitted to a deposition and physical examination, and (2) an order of the same court dated February 22, 2005, which denied her motion for leave to reargue.

Ordered that the appeal from the order dated February 22, 2005, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 13, 2005, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff is a resident of California. She requested at the preliminary conference that the medical examination demanded by the defendant, and her deposition, be conducted in California because of her health. The preliminary conference order, dated May 19, 2004, provided that she could pursue her request by submitting, within 30 days, medical proof of her inability to travel. She did not submit that proof until August 16, 2004, nearly three months later. The plaintiff filed a note of issue and certificate of readiness dated September 7, 2004, attesting that the medical examination had been waived.

Although the defendant's failure to move to vacate the note of issue and certificate of readiness within 20 days of service constituted a waiver of his right to compel further disclosure (*see* 22 NYCRR 202.21 [e]; *Schenk v Maloney,* 266 AD2d 199 [1999]), the Supreme Court was, nonetheless, authorized to vacate the note of issue, sua sponte, based upon the plaintiff's misrepresentation with respect to the status of the medical examination (*see* 22 NYCRR 202.21 [e]; *Levy v Schaefer,* 160 AD2d 1182 [1990]). Consequently its response to the plaintiff's conduct, precluding the plaintiff from testifying at trial unless she submitted to a deposition and physical examination within a certain time, was, in the circumstances presented here, a provident exercise of discretion (*see Law v City of New York,* 250 AD2d 540 [1998]; *Fitzgerald v Avidon,* 222 AD2d 335 [1995]; *Williams v Long Is. Coll. Hosp.,* 147 AD2d 558 [1989]).

The plaintiff's remaining contentions are without merit. Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.