∎ In the Matter of MICHAEL EVAN W., Respondent, v PAMELA LYN B., Appellant. [58 NYS3d 45]—

Order, Family Court, New York County (Monica Shulman, Ref.), entered on or about December 3, 2015, which, to the extent appealed from as limited by the briefs, after a hearing, issued an order of protection against the mother in favor of the child, and denied the mother supervised visitation with the child, unanimously affirmed, without costs.

"The determination as to whether or not a court should award visitation to a noncustodial parent lies within the sound discretion of the trial court, and must be based upon the best interests of the child" (*see Matter of Ronald C. v Sherry B.*, 144 AD3d 545, 546 [1st Dept 2016], *lv dismissed* 29 NY3d 965 [2017]). "Generally, a child's best interest lies in being nurtured by both parents and a noncustodial parent should have reasonable rights of visitation unless there is substantial evidence that visitation would be detrimental to the welfare of the child" (*id.* [citation omitted]). "Thus, there is a rebuttable presumption that visitation by a noncustodial parent is in the child's best interest and should be denied only in exceptional circumstances" (*id.*).

Here, the Family Court's determination that visitation would be detrimental to the child has a sound and substantial basis in the record (*see Matter of Marrero v Johnson*, 89 AD3d 596, 597 [1st Dept 2011]). The father presented substantial evidence at the hearing that the mother masterminded a plot to murder him in order to gain control of the proceeds of the father's $1,500,000 life insurance policy, for which she was named the irrevocable trustee. Surveillance photos revealed the mother and her cousin buying a sledgehammer at Home Depot the day before the cousin attacked the husband with the same sledgehammer. The father also presented phone records showing that the mother and her cousin were in communication on the day of the attack, and a hand-drawn map found with the cousin at his arrest, which depicted points of entry and egress in the father's building, was determined to be written in the mother's handwriting. In addition, the knife recovered from the scene came from the mother's apartment.

Beyond the evidence related to the attack on the father, testimony demonstrated that the mother sought to alienate the child from the father, falsely claiming that the father was trying to put her in jail, and pressing the child for personal details about the father's life, which also supported the denial of visitation (*see Susan G.B. v Yehiel B.H.*, 216 AD2d 58, 58-59 [1st Dept 1995]). Moreover, the mother invoked her Fifth Amendment right not to testify, and did not call any other witnesses, depriving the Family Court of any basis to grant her visitation. Thus, in view of the record, we find no reason to disturb the Family Court's determination (*see Marrero*, 89 AD3d at 597).

We have considered the remaining arguments and find them unavailing. Concur—Tom, J.P., Richter, Manzanet-Daniels, Mazzarelli and Gische, JJ.