■ In the Matter of JOHN WILSON, JR., Respondent, v DIANNA BENNETT, Appellant. [724 NYS2d 520] —Crew III, J. P. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered September 22, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of visitation.

Petitioner and respondent are the biological parents of a child born in April 1999. By order entered August 9, 1999, Family Court granted the parties joint legal custody, with phys-

ical custody to respondent and such "reasonable and liberal visitation as the parties may agree" to petitioner. Additionally, petitioner was granted visitation on alternate Sundays from 1:00 P.M. to 4:00 P.M., with such visitations to occur at the home of petitioner's sister.

Only three weeks later, petitioner commenced the instant proceeding seeking to modify Family Court's August 1999 order of visitation. According to petitioner, the parties could not agree as to what constituted "reasonable and liberal" visitation, prompting petitioner to seek, *inter alia*, specific periods of unsupervised visitation with the child. A hearing ensued in September 1999, at which both parties appeared without counsel. At the conclusion thereof Family Court, *inter alia*, granted petitioner unsupervised visitation with the child on alternate Sundays from 1:00 P.M. to 4:00 P.M. and every Tuesday and Thursday from 6:00 P.M. to 7:00 P.M. Respondent now appeals, contending that Family Court's failure to advise her of her right to counsel and/or appoint a Law Guardian for the child constitutes reversible error.

To be sure, the minor modifications made by Family Court to the parties' prior visitation schedule were eminently reasonable and in no way affected any of respondent's substantive rights as the child's custodial parent. Nonetheless, given the clear and unambiguous directive set forth in Family Court Act § 262 (a), we are constrained to reverse.

Family Court Act § 262 provides certain parties to particular Family Court proceedings with a statutory right to counsel. If the party in question falls within one of the enumerated subdivisions thereto, he or she *must* be advised by the court, before proceeding, that he or she has the right to representation, the right to seek an adjournment to confer with counsel and the right to assigned counsel if he or she cannot afford to retain counsel. Insofar as is relevant to this appeal, Family Court Act § 262 (a) (iii) confers such right to counsel upon "the respondent in *any* proceeding under part three of article six of [the Family Court Act]" (emphasis supplied). Although Family Court Act article 6, part 3 is entitled "custody," the cited portion of the Family Court Act delineates the jurisdiction of Family Court, which expressly encompasses the right to determine visitation issues and/or modify prior visitation orders (*see*, Family Ct Act §§ 651, 652). Thus, although petitioner is correct in noting that the word "visitation" does not appear anywhere in Family Court Act § 262, a proceeding to modify a prior order of visitation plainly is a proceeding under Family Court Act article 6, part 3 and, hence, falls within the purview of the assigned counsel statute.

As applied to the matter before us, the record makes clear that Family Court failed to comply with the notice requirements set forth in Family Court Act § 262 (a). Respondent was not advised of her right to counsel, nor was she advised of her right to seek an adjournment in order to confer with counsel. Unlike the respondents in *Matter of Iadicicco v Iadicicco* (270 AD2d 721) and *Matter of Tavolacci v Garges* (124 AD2d 734), there is nothing in the record to suggest that respondent previously was provided with a full and fair opportunity to retain counsel, nor is there any basis for finding that respondent waived her rights in this regard (*see, Matter of Meko M.*, 272 AD2d 953, 954; *Matter of Gaudette v Gaudette*, 263 AD2d 620, 621). Thus, despite the apparent lack of prejudice to respondent, the denial of this fundamental statutory right warrants reversal (*see generally, Matter of Mallory v Mashack*, 266 AD2d 907).

As to the issue of Family Court's failure to appoint a Law Guardian for the child, both the current version of Family Court Act § 249 and the version in effect at the time the underlying hearing took place permitted the court to appoint a Law Guardian to represent the child "when, in the opinion of the family court judge, such representation [would] serve the purposes of [the Family Court Act]" (Family Ct Act § 249 [a], as amended by L 1999, ch 506, § 1). Under the particular circumstances of this case, we cannot say that Family Court abused its discretion in failing to appoint a Law Guardian for the parties' child (*see, Matter of Ebel v Urlich*, 273 AD2d 530).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.