■ In the Matter of BARBARA DUNGEE et al., Respondents, v TERRY SIMMONS, Appellant. [762 NYS2d 514] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Turbow, J.), dated December 6, 2001, which granted the petition and awarded joint custody of the subject child to the petitioners.

Ordered that the order is reversed, on the law, without costs or disbursements, the matter is remitted to the Family Court, Kings County, for an evidentiary hearing on the issue of extraordinary circumstances, and the subject child is to remain in the temporary joint custody of the petitioners pending the outcome of the hearing.

Under the facts of this case, the Family Court erred in granting the petition awarding custody of the subject child to the petitioners, who are the child's maternal aunt and grandmother. It is well settled that, as between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary

circumstances (*see Matter of Male Infant L.,* 61 NY2d 420 [1984]; *Matter of Bennett v Jeffreys,* 40 NY2d 543 [1976]; *Matter of DePaola v Corrales,* 303 AD2d 586 [2003]). The burden of proof is on the nonparent to prove such extraordinary circumstances (*see Matter of Darlene T.,* 28 NY2d 391 [1971]). Without a finding of extraordinary circumstances, a best interests determination is not triggered (*see Matter of Nadia Kay R.,* 125 AD2d 674 [1986]). Here, the Family Court, without holding an evidentiary hearing, awarded joint custody of the subject child to the petitioners. Under the facts of this case, the Family Court had no basis to award final joint custody to the petitioners without an evidentiary hearing and the necessary preliminary finding that the father relinquished his rights to custody because of extraordinary circumstances (*see Matter of Bennett v Jeffreys, supra; Matter of Stiles v Orshal,* 290 AD2d 824 [2002]; *Matter of Sales v Gisendaner,* 272 AD2d 997 [2000]). Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.