■ In the Matter of JAZMONE S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PHILIP J., Appellant. (Proceeding No. 1.) In the Matter of ASHLEY J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PHILIP J., Appellant.

(Proceeding No. 2.) In the Matter of ZALIKA J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PHILIP J., Appellant. (Proceeding No. 3.) In the Matter of ETHAN J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PHILIP J., Appellant. (Proceeding No. 4.) [762 NYS2d 811] —In four related child protective proceedings pursuant to Family Court Act article 10, Philip J. appeals from (1) four fact-finding orders (one as to each child) of the Family Court, Queens County (Clark, J.), all dated August 30, 2002, which, after a hearing, found that he had neglected each child, and (2) a temporary order of protection of the same court also dated August 30, 2002.

Ordered that the appeal from the temporary order of protection is dismissed as academic, without costs or disbursements, as the order appealed from has expired and has been superseded by a subsequent order of protection dated March 5, 2003 (*see Matter of Naffa v Naffa,* 293 AD2d 682 [2002]; *Matter of Tanya R.B. v Darren W.,* 254 AD2d 813 [1998]; *Matter of Ana P.,* 215 AD2d 485 [1995]); and it is further,

Ordered that the fact-finding orders are affirmed, without costs or disbursements.

Contrary to the appellant's contentions, his decision to proceed pro se during the fact-finding hearing was made knowingly, willingly, and voluntarily. The record reveals that on June 7, 2002, during his initial court appearance, the appellant was informed of his right to an attorney (*see* Family Ct Act § 262), and the case was adjourned for the assignment of counsel. On June 10, 2002, the Family Court apprised the appellant of the allegations in the petition, advised him, inter alia, "it's going to require an attorney to help you deal with it," and assigned an attorney to represent him.

Thereafter, on June 13, 2002, the appellant was represented by assigned counsel during a preliminary hearing (*see* Family Ct Act § 1027). On July 19, 2002, the case was adjourned on consent until August 30, 2002, due, inter alia, to the possibility of settlement, and the appellant informed the court that, as the result of a purported conflict of interest, he wished to proceed pro se. The court admonished him as to the dangers of proceeding pro se, informed him that rules of evidence applied to the proceeding, and suggested that "it's something that you ought to think about." The appellant then requested a copy of the file and his assigned counsel was relieved.

On August 30, 2002, prior to the commencement of the fact-finding hearing, the appellant confirmed that he was appearing pro se. At the conclusion of the petitioner's case, he declined

the Family Court's offer of a further adjournment, acknowledged that the court had assigned counsel, and reaffirmed his decision to proceed pro se. He also fully participated in the fact-finding hearing, by, among other things, calling witnesses and delivering a summation (*see Matter of Child Welfare Admin. [John R.] v Jennifer A.,* 218 AD2d 694 [1995]).

Under the circumstances, the record reflects that the appellant knowingly, willingly, and voluntarily waived his right to counsel (*see Matter of Francisco v Francisco,* 298 AD2d 925 [2002]; *Matter of Buhneing v Orange County Dept. of Social Servs.,* 282 AD2d 746 [2001]; *Matter of Child Welfare Admin. [John R.] v Jennifer A., supra* at 696; *cf. Matter of Commissioner of Social Servs. [Jenelle M. Alkon] v Rodriquez,* 284 AD2d 330 [2001]; *Matter of Meko M.,* 272 AD2d 953 [2000]). Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.