In the Matter of FRANCISCO PEREZ, Respondent, v MARIA AREBALO, Appellant. [786 NYS2d 441]—

Order, Family Court, New York County (Elizabeth Barnett, R.), entered on or about November 29, 2001, which, after a hearing, awarded custody of the parties' two children to petitioner father with supervised visitation to respondent mother to commence when so recommended by the mother's therapist and the children's therapists, unanimously reversed, on the law and the facts, without costs or disbursements, and the matter remanded for a new hearing not inconsistent herewith.

In this proceeding brought by the father to obtain visitation

or, alternatively, custody of the two children of the marriage, Family Court, after a hearing, awarded custody to the father, which determination is not challenged on the merits; rather, the mother argues that the Referee committed reversible error by granting her assigned counsel's motion to withdraw as her attorney and, after granting the motion, failing to advise her of her right to appointed counsel, thereby forcing her to proceed pro se at the hearing. At the July 2, 2001 commencement of the hearing, the mother was represented by an attorney from a legal service. On the next court date, August 7, 2001, another attorney from the same legal service appeared and advised the Referee that she was now representing the mother and that in the two weeks that she had been handling the matter she had given the mother advice with which the mother disagreed. On that ground she asked to be relieved, stressing that the mother lacked confidence in her and that they were unable to communicate. When the Referee asked if she wished to have the attorney continue as her attorney, the mother responded, "She cannot." Pressed further, the mother answered, "Well, if she wants to, fine." The Referee, at that time, refused to relieve counsel and asked the attorney to make further efforts to work with the mother. The Referee then posited to the mother three alternatives available to her on the next court date: she could work with present counsel; she could come back with another attorney; or she could speak for herself. In any event, the proceeding was going forward. When asked if she understood, the mother ignored the question and continued to express her resistence to any visitation by the father with the children. The Referee then concluded as follows: "Since you will not answer that question, I will presume you understood what were the three options."

Three weeks later, on the adjourned court date, August 29, 2001, the mother's attorney renewed her application to be relieved, accentuating the client's lack of confidence in her. The mother responded: "It's not that I don't trust her, but simply that the two ladies here, present, they want me to push the child into—and the psychiatrist has— has asked me not to push the child, into this situation. And it's not that I don't trust her." After the Referee granted the attorney's application, the following colloquy between the Referee and the mother took place:

"Referee: Did you try to find another attorney, ma'am?

"[Mother]: I did. For the next adjourn date, I'll have the attorney here.

"Referee: What is the attorney's name?

"[Mother]: I don't have the name of an attorney yet. I'm trying to find one through an agency.

"Referee: Okay. I don't find your answer credible. We are going to proceed today, as indicated on the last court date.

"Referee: I did not find her response credible. You're certainly free to return with an attorney on the next court date.

"[Mother]: No problem." On the next court date the mother, without counsel, proceeded pro se for the balance of the hearing.

We reject the argument that good and sufficient cause was lacking to justify the withdrawal of counsel (*see Weiner Corp. v Davis Corp.*, 113 Misc 2d 263 [1982]). Here, the motion to withdraw was premised upon counsel's inability to communicate with the mother and the latter's refusal to follow counsel's advice, all of which impeded the establishment of an effective attorney-client relationship and, in our view, was sufficient proof to justify the grant of the application. That said, the Referee, however, committed reversible error by failing to inform the mother of her right to have counsel assigned to represent her if she could not afford to retain counsel.

Family Court Act § 262 (a), in pertinent part, provides: "Each of the persons described below in this subdivision has the right to the assistance of counsel. When such person first appears in court, the judge shall advise such person before proceeding that he has the right to be represented by counsel of his own choosing, of his right to have an adjournment to confer with counsel, and of his right to have counsel assigned by the court in any case where he is financially unable to obtain the same." Section 262 (a) (iii) explicitly extends the right to counsel to custody proceedings. While the guardian ad litem, supporting the Referee's decision, argues that the Referee advised the parties of their right to counsel on March 22, 2000, before any of the proceedings described herein, the transcript of that session does not indicate that the parties were fully informed of their right to counsel in accordance with section 262 (a). The Referee failed to tell the parties of their right to have counsel assigned to them in the event of their financial inability to retain their own counsel. Nor was either party, particularly the mother, ever properly advised in that regard at any subsequent time, especially on August 7, 2001 or August 29, 2001, when counsel was relieved. The failure to advise the mother properly as to her right to counsel constitutes reversible error (*see Matter of Sabat v Sabat*, 72 AD2d 585 [1979]).

Accordingly, we remand for a new hearing, prior to which the mother is to be advised as to her rights pursuant to Family

Court Act § 262 (a). Pending the determination reached at the conclusion of the hearing, sole custody of the two children shall remain with the father with the right of supervised visitation to the mother to commence upon the recommendation for such visitation by the mother's therapist and the children's therapists, if such recommendation has not already been made. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Sweeny, JJ.