■ In the Matter of NICOLE KNIGHT, Respondent, v CHRISTOPHER GRIFFITH, Appellant. (Proceeding No. 1.) In the Matter of CHERYL D. GRIFFITH, Appellant, v NICOLE KNIGHT, Respondent. (Proceeding No. 2.) [787 NYS2d 53]—

In two related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Wright, J.), dated November 22, 2002, in proceeding No. 1 which awarded custody of the subject child to the mother, and the paternal grandmother separately appeals from an order of the same court, also dated November 22, 2002, in proceeding No. 2 which dismissed her petition, in effect, for visitation with the subject child.

Ordered that the orders are reversed, on the law, without costs or disbursements, the petition in proceeding No. 2 is reinstated, and the matters are remitted to the Family Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that pending a new determination of the mother's petition for custody of the subject child in proceeding No. 1, sole custody of the child shall remain with the mother.

The Family Court improperly proceeded without considering the incarcerated father's written "motion for legal representa-

tion," thereby impairing the father's "right to the assistance of counsel" (Family Ct Act § 262 [a]; *see Matter of Ella B.,* 30 NY2d 352, 356-357 [1972]). The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding requires reversal, without regard to the merits of the unrepresented party's position (*see Matter of Wilson v Bennett,* 282 AD2d 933, 934 [2001]; *Matter of Dominique L.B.,* 231 AD2d 948 [1996]; *Matter of Patricia L. v Steven L.,* 119 AD2d 221 [1986]; *Matter of Orneika J.,* 112 AD2d 78, 80 [1985]). Accordingly, we reverse the order awarding custody of the subject child to the mother, and remit the matter to the Family Court, Kings County, for the assignment of counsel and such further proceedings as may be necessary, including a new determination of the mother's petition for custody of the child after affording the father's counsel the opportunity to be heard. We express no opinion on the issue of visitation with the father which the Family Court seemed to preclude in its colloquy.

The Family Court improperly dismissed the paternal grandmother's petition, in effect, for visitation with the subject child. The Family Court based its conclusion that the grandmother lacked standing solely on the fact that both parents were alive, and failed to consider whether equitable circumstances conferred standing on the grandmother (*see* Domestic Relations Law § 72; *Matter of Wilson v McGlinchey,* 2 NY3d 375, 380 [2004]; *Matter of Emanuel S. v Joseph E.,* 78 NY2d 178 [1991]). Thus, we reverse the order dismissing the grandmother's petition, and remit the matter to the Family Court, Kings County, for a hearing to determine, first, whether the grandmother has standing based on equitable circumstances and, if so, whether visitation with the grandmother is in the best interests of the child (*see Matter of Wilson v McGlinchey, supra* at 380; *Matter of Emanuel S. v Joseph E., supra* at 181; *Matter of Follum v Follum,* 302 AD2d 861 [2003]; *Matter of Luma v Kawalchuk,* 240 AD2d 896 [1997]).

In light of our determination, we need not reach the father's or the grandmother's remaining contentions. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.