■ In the Matter of BERNARD UU. et al., Respondents, v KELLY VV., Respondent, and ANDREW WW., Appellant. [814 NYS2d 298]—

Spain, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered October 21, 2004, which granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for visitation with their grandchildren.

Petitioners are the parents of respondent Kelly VV. (hereinafter the mother) and the maternal grandparents of her three children; respondent Andrew WW. (hereinafter respondent) is the father of the two younger children. In May 2004, petitioners filed a petition pursuant to Domestic Relations Law § 72 seeking court-ordered visitation with all three grandchildren—two girls and a boy, then ages 5, 8 and 13—alleging various concerns about their welfare, particularly the oldest, a girl (hereinafter the eldest daughter), who had been sexually abused by respondent, who is serving a sentence of imprisonment for that crime. The petition alleges that the mother had not adequately protected the daughter from that abuse, and more recently had not acted properly in relation to the eldest daughter's discomfort with the mother's boyfriend, leading the mother to terminate petitioners' regular visitation with their grandchildren.

An initial hearing was held in August 2004 at which Family Court noted that efforts to secure respondent's appearance by video had been unsuccessful and, thus, his objections to the petition would be heard at an adjourned date. Petitioners' attorney then indicated that his clients had reached a temporary resolution with the mother in which petitioners would, among other provisions, have overnight weekend visitation with the children on alternating Fridays. The mother, appearing pro se, reminded all present that the agreement had included a provision that the children not be left unsupervised with the mother's brother (hereinafter the uncle), who lives with petitioners. All parties present consented, including the Law Guardian for the children, and Family Court issued a temporary order of visitation, including a provision that the children not be left alone

with the uncle. No explanation was placed on the record for that restriction.

At the adjourned hearing date in October 2004, respondent, who remained incarcerated, appeared without counsel and consented to petitioners' request for visitation with the children but opposed any overnight visitation because the uncle lived in the house. Respondent alleged that the uncle has a prior conviction for having sex with a 13-year-old in 1999 when he was in his twenties and that the eldest daughter had previously accused the uncle of "having molested them"; respondent also indicated that documentation existed in which the mother admitted these "facts." Family Court stated that the mother was "comfortable" with the visitation arrangements in the temporary order and noted that the remedy would be a violation petition. The mother responded only generally to respondent's concerns, stating that "it's not true," although conceding that the accusations had been made and, when questioned by the court, indicated that she would not let her children stay at petitioners' house if she thought they were in danger. The Law Guardian reiterated his consent to the terms of the temporary order of visitation. The court then overruled respondent's objections and made the temporary order permanent. On respondent's appeal, we find that reversal is required.

Initially, the record reflects that when he first appeared before Family Court to respond to petitioners' visitation petition, respondent was never advised, as required, of his right to counsel, of his right to seek an adjournment to confer with counsel and of his right to assigned counsel if he could not afford one (*see* Family Ct Act § 262 [a] [iii]; § 651 [b]; Domestic Relations Law § 72 [1]; *see also Matter of Grayson v Fenton*, 8 AD3d 696, 696 [2004]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]). Petitioners' Domestic Relations Law § 72 (1) application for visitation was made in Family Court pursuant to Family Ct Act § 651 (b), which falls under Family Ct Act article 6, part 3, and "a respondent in any proceeding under part [3] of article [6] of [the Family Court A]ct" (Family Ct Act § 262 [a] [iii]) is so entitled to those counsel-related rights. As nothing in the record reflects that respondent waived this right to counsel, reversal and a new determination are mandated (*see Matter of Wilson v Bennett, supra* at 935).

While the foregoing renders academic respondent's argument that Family Court erred in overruling his objections and ordering overnight visitation without a hearing, since there will be a de novo determination upon remittal, we find it appropriate to note our agreement that the record is insufficient to permit a

determination regarding the best interests of the children (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]; *Matter of Wilson v McGlinchey*, 305 AD2d 879, 881 [2003], *affd* 2 NY3d 375, 380-381 [2004]; *Matter of Ziarno v Ziarno*, 285 AD2d 793, 794 [2001], *lv denied* 97 NY2d 605 [2001]). In opposing overnight visitation, respondent, under oath, raised serious and specific concerns which implicated the safety of the children during the overnight hours. However, the mother was never sworn as a witness, there was no in camera interview of any of the children, and no other testimony or evidence was adduced. Under these circumstances, the evidence did not permit a best interests determination in lieu of a hearing.

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision, and, until Family Court can make an appropriate temporary order, the children may continue with the agreed-upon visitation but shall not stay overnight at petitioners' home while the uncle is present or be left alone with him at any time.