In the Matter of TANISHA GENERAL, Respondent, v VICTO-
RIA R. GENERAL, Appellant. [820 NYS2d 73]—

In a custody proceeding pursuant to Family Court Act article
6, Victoria R. General, the maternal great aunt, appeals from an
order of the Family Court, Kings County (Grosvenor, J.), dated
October 25, 2005, which, after a hearing, granted the mother's
petition to modify an order of the same court dated November
20, 2001 (Weinstein, J.), awarding custody of the subject child to
the maternal great aunt, and awarded custody to the mother.

Ordered that the order is reversed, on the law, without costs
or disbursements, and the matter is remitted to the Family
Court, Kings County, for further proceedings in accordance here-
with; and it is further,

Ordered that pending a new determination of the mother's
petition for custody of the subject child, the child shall remain
with the mother.

The Family Court erred in failing to advise Victoria R. Gen-
eral, the maternal great aunt, of her right to counsel in this
custody proceeding. Family Court Act § 262 confers a statutory
right to counsel on certain persons (see Family Ct Act §§ 261,
262 [a]). Among those persons is "the respondent in any
proceeding under part three of article six of this act" (Family Ct
Act § 262 [a] [iii]; see Matter of Bernard UU. v Kelly VV., 28
AD3d 880 [2006]; Matter of Perez v Arebalo, 13 AD3d 85, 87
[2004]; Matter of Alexander v Maharaj, 299 AD2d 354, 354
[2002]; Matter of Wilson v Bennett, 282 AD2d 933, 934 [2001];
Matter of Patricia L. v Steven L., 119 AD2d 221, 224 [1986]).
The statute further provides as follows: "When such person
first appears in court, the judge shall advise such person before
proceeding that he or she has the right to be represented by
counsel of his or her own choosing, of the right to have an
adjournment to confer with counsel, and of the right to have
counsel assigned by the court in any case where he or she is
financially unable to obtain the same" (Family Ct Act § 262 [a]).

Here, the mother's petition was one pursuant to Family Court
Act, part 3, article 6, § 651 (b). Since the maternal great aunt
was the respondent in a proceeding brought under part 3 of
article 6 of the Family Court Act, she falls within the statutory
category defined by Family Court Act § 262 (a) (iii). Therefore,
she is a person entitled to counsel under Family Court Act § 262
(a).

Although the order appealed from stated that the maternal

great aunt was advised of her right to counsel, there is nothing in the hearing transcript indicating that she was so advised (*see Matter of Bernard UU. v Kelly VV., supra; Matter of Wilson v Bennett, supra* at 935). Nor does the record reflect that she waived her right to counsel (*see Matter of Bernard UU. v Kelly VV., supra; Matter of Wilder v Bufe,* 25 AD3d 827, 828 [2006]; *Matter of Wilson v Bennett, supra; Matter of Gaudette v Gaudette,* 263 AD2d 620, 621 [1999]; *cf. Matter of Jazmone S.,* 307 AD2d 320, 321-322 [2003]; *Matter of F. Children,* 199 AD2d 81, 81 [1993]). In the absence of a waiver, the Family Court's apparent failure to advise the maternal great aunt of her statutory rights under Family Court Act § 262 constituted reversible error (*see Matter of Bernard UU. v Kelly VV., supra; Matter of Williams v Bentley,* 26 AD3d 441 [2006]; *Matter of Moloney v Moloney,* 19 AD3d 496, 497 [2005]; *Matter of Knight v Griffith,* 13 AD3d 449, 450 [2004]; *Matter of Wilson v Bennett, supra; Matter of Perez v Arebalo, supra; Matter of Patricia L. v Steven L., supra* at 224-225).

Further, under the circumstances presented, the Family Court's failure to appoint a Law Guardian to represent the subject child's interests constituted an abuse of discretion (*see* Family Ct Act § 241, 249 [a]; *Grotke v Harris,* 294 AD2d 957, 958 [2002]; *Vecchiarelli v Vecchiarelli,* 238 AD2d 411, 413 [1997]; *cf. Matter of Wilson v Bennett, supra; Matter of Ebel v Urlich,* 273 AD2d 530, 532 [2000]).

Accordingly, we remit the matter to the Family Court, Kings County, for a new hearing at which the maternal great aunt shall be fully advised of her right to counsel pursuant to Family Court Act § 262 and at which time a Law Guardian shall be appointed to represent the subject child's interests in the proceeding.

We note that, "as between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances" (*Matter of Dungee v Simmons,* 307 AD2d 312, 312-313 [2003]; *see Matter of Male Infant L.,* 61 NY2d 420, 426 [1984]; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 544 [1976]; *Matter of Cambridge v Cambridge,* 13 AD3d 443 [2004]; *Matter of McGraw v McGraw,* 258 AD2d 464 [1999]; *Matter of Carosi v Bloom,* 225 AD2d 692 [1996]). Only when extraordinary circumstances are proven will the court examine the best interests of the child (*see Matter of Campbell v Brewster,* 9 AD3d 620, 621 [2004]; *Matter of Dungee v Simmons, supra* at 313; *Matter of Williams v Dunston,* 202

AD2d 681, 682 [1994]; *Matter of Nadia Kay R.*, 125 AD2d 674, 676 [1986]). Upon remittitur, the maternal great aunt will have the burden of proving the existence of extraordinary circumstances (*see Matter of Tolbert v Scott,* 15 AD3d 493, 495-496 [2005]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.