■ In the Matter of BARRY EDWARDS, JR., Appellant, v CHRISTIN C. CADE, Respondent. [823 NYS2d 225]—

Spain, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered May 9, 2005, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' children.

Respondent is the mother of two children, born in 2000 and 2002, with regard to whom petitioner signed acknowledgments of paternity at birth. Apparently the children live with respondent in the City of Elmira, Chemung County and, prior to moving, petitioner previously lived with them for some length of time, the duration being unclear on this record. In 2005, petitioner filed a petition denominated as one for custody, in which he sought "visitation on weekends to take [the children] to New York [City]," listing a "Bronx, New York" address. It appears that no order providing for the custody or visitation of the children has previously been issued.

At the initial appearance, petitioner clarified, without counsel, that he was seeking only weekend visitation with the children in New York City at his grandmother's apartment. He indicated that he resided with his mother in New York City and had recently secured employment there, but may be moving with her to South Carolina. Respondent, also appearing pro se, opposed unsupervised visitation based upon her unsworn allegations regarding petitioner's drug-related activity, domestic violence, criminal history and an order of protection, for which no documentation was submitted.

After some discussion about where supervised visitation might take place, during which Family Court twice indicated that it had no intention of sending these young children "to the Bronx," petitioner reiterated that he only desired visitation in New York City, not Elmira, and, if the court would not grant that request, he would wait until they were 21 and, expressing frustration, he left the courtroom. The court then summarized the parties' unsworn assertions and issued an order sua sponte granting respondent legal and physical custody of the children, and denied petitioner's request for visitation. Petitioner now appeals.*

Initially, if Family Court determined that the petition was solely one seeking visitation, petitioner—who is not a "respondent"—was not entitled to assigned counsel under Family Ct

---

* Respondent did not submit a brief on this appeal.

Act § 262 (a) (iii) (*see Matter of Ward v Jones*, 303 AD2d 844, 844-845 [2003]; *cf. Matter of Bernard UU. v Kelly VV.*, 28 AD3d 880, 881 [2006] [father opposing grandparent visitation request entitled to counsel]; *Matter of Grayson v Fenton*, 8 AD3d 696 [2004] [respondent mother who opposed father's visitation request was entitled to counsel]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934-935 [2001]).

Although respondent never served an answer or a cross-petition (and never formally requested an award of custody), as a result of this proceeding Family Court treated the matter as a custody proceeding and issued an order awarding her sole custody of the children. Under any interpretation of the proceeding, this should not have occurred in the absence of an advisement to petitioner—as the respondent in such a custody inquiry—of his right to counsel, including assigned counsel if indigent and the right to seek an adjournment to confer with counsel (*see* Family Ct Act § 262 [a] [iii], [v]; *see also Matter of Perez v Arebalo*, 13 AD3d 85, 87-88 [2004]; *Matter of Alexander v Maharaj*, 299 AD2d 354 [2002]; *Matter of De Vivo v Burrell*, 101 AD2d 607 [1984]).

Further, in the absence of any sworn testimony or documentary evidence of any kind, neither the denial of petitioner's visitation request nor the grant of custody to respondent can be upheld as having a sound and substantial basis (*see Matter of Tanya U.*, 243 AD2d 785, 786 [1997]; *see also Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]; *cf. Matter of Neail v Deshane*, 19 AD3d 758, 758 [2005], *lv denied* 5 NY3d 711 [2005]).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision and, pending further order of said court, respondent is granted temporary custody of the children.