■ In the Matter of SABINA FISHBURNE, Petitioner, and SYDNEY JENNINGS, Appellant, v FRANKLYN TEELUCKSINGH, Respondent. (Proceeding No. 1.) In the Matter of FRANKLYN TEELUCKSINGH, Respondent, v SABINA FISHBURNE, Respondent, and SYDNEY JENNINGS, Appellant. (Proceeding No. 2.) [828 NYS2d 70]—

In related child custody proceedings pursuant to Family Court Act article 6, the grandmother, Sydney Jennings, appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Duffy, J.), entered March 12, 2004, as, after a hearing, dismissed her petition, inter alia, for sole custody of the two youngest children, granted the father's petition, among other things, for sole custody of those children, and directed supervised visitation for the grandmother of all three of the subject children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

" '[A]s between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances' " (*Matter of General v General*, 31 AD3d 551, 552 [2006], quoting *Matter of Dungee v Simmons*, 307 AD2d 312, 312-313 [2003]; see *Matter of Male Infant L.*, 61 NY2d 420, 426-427 [1984]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). Only when the nonparent establishes the existence of extraordinary circumstances will the court examine the best interests of the child (see *Matter of Esposito v Shannon*, 32 AD3d 471 [2006]; *Matter of General v General, supra; Matter of Campbell v Brewster*, 9 AD3d 620

[2004]; *Matter of Dungee v Simmons, supra;* Domestic Relations Law § 72 [2] [a]).

Contrary to the grandmother's contention, the existence of a previous consent order granting the grandmother and the father joint legal custody of the two youngest children did not satisfy the grandmother's burden of establishing extraordinary circumstances. The extraordinary circumstances test applies even if there is an existing order of custody unless there was a prior judicial determination that extraordinary circumstances exist (*see Matter of Katherine D. v Lawrence D.,* 32 AD3d 1350 [2006]; *Matter of Guinta v Doxtator,* 20 AD3d 47, 53 [2005]; *Matter of McArdle v McArdle,* 1 AD3d 822, 823 [2003]; *Matter of Scala v Parker,* 304 AD2d 858, 859 [2003]). "[A]n existing 'consent order, standing alone, does not constitute a judicial finding of surrender, abandonment, unfitness, neglect or other extraordinary circumstances' " (*Matter of Moore v St. Onge,* 307 AD2d 421, 422 [2003], quoting *Matter of McDevitt v Stimpson,* 281 AD2d 860, 862 [2001]). Further, there was no relevant period of time during which the father relinquished control of the children, and his superior right to custody, to the grandmother (*see* Domestic Relations Law § 72 [2] [a]). Therefore, the grandmother was required to establish the existence of extraordinary circumstances.

The Family Court determined that the grandmother did not make such a threshold showing of the existence of extraordinary circumstances. "Such factual findings, which are predicated on the Family Court's evaluation of the testimony, character, temperament, and sincerity of the parties, are entitled to great deference and may not be set aside where, as here, they have a sound and substantial basis in the record" (*Matter of Rudy v Mazzetti,* 5 AD3d 777, 778 [2004]; *see Matter of Scala v Parker, supra* at 859).

Further, joint custody is inappropriate where the parties have evidenced an inability or unwillingness to cooperate in making decisions on matters concerning the children (*see Bliss v Ach,* 56 NY2d 995, 998 [1982]; *Amari v Molloy,* 293 AD2d 431, 432 [2002]; *Forzano v Scuderi,* 224 AD2d 385, 386 [1996]). On this record, the Family Court properly granted the father's petition, inter alia, for sole custody of the two youngest children.

The portion of the order directing that the grandmother's visitation with the children be supervised was appropriate (*see Matter of Wilson v McGlinchey,* 2 NY3d 375, 380-381 [2004]; *Matter of Abranko v Vargas,* 26 AD3d 490, 491 [2006]).

The grandmother's remaining contention is without merit. Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.