■ In the Matter of ARLENE R., Respondent, v WYNETTE G., Appellant. [829 NYS2d 768]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered November 23, 2005 in a proceeding pursuant to Family Court Act article 6. The order granted the petition to modify a custody order and awarded petitioner sole custody of her children with no visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Family Court, Monroe County, for further proceedings on the petition in accordance with the following memorandum: Petitioner commenced this proceeding to modify an order awarding her joint custody of her children with respondent, the grandmother of one of the children. Respondent appeals from the order granting the petition and giving sole custody of the children to petitioner with no visitation to respondent. We agree with respondent that Family Court failed to advise her of her right to counsel (*see* Family Ct

Act § 262 [a] [iii]; *Matter of General v General*, 31 AD3d 551, 551-552 [2006]; *Matter of Bernard UU. v Kelly VV.*, 28 AD3d 880, 881 [2006]). Contrary to petitioner's contention, the fact that respondent had been represented by counsel on prior petitions for custody or for modification of custody did not relieve the court of its obligation to inform respondent of her right to counsel on the present petition. In addition, "[a]lthough the order appealed from stated that [respondent] was advised of her right to counsel, there is nothing in the hearing transcript indicating that she was so advised" (*General*, 31 AD3d at 551-552). In the absence of any waiver, the court's failure to advise respondent of her right to counsel constitutes reversible error (*see id.* at 552; *Bernard UU.*, 28 AD3d at 881). Although respondent's remaining contentions are academic, we note that we further agree with respondent that the court's failure to appoint a law guardian was an improvident exercise of discretion under the facts of this case, where the children were aged 10 and 16 and had been in the custody of respondent for almost 10 years (*see General*, 31 AD3d at 552; cf. *Lee v Halayko*, 187 AD2d 1001, 1002 [1992]). We also agree with respondent that the record is inadequate for the court to have made a determination on the merits of the petition (*see Bernard UU.*, 28 AD3d at 881-882). We therefore reverse the order and remit the matter to Family Court for further proceedings on the petition before a different judge. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.