■ In the Matter of RANDY BROWN, Appellant, v MONA D. WOOD, Respondent. [834 NYS2d 196]—

In related custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Porzio, J.), dated October 17, 2005, which, after a hearing, inter alia, denied his petition, in effect, for custody, or alternatively, unsupervised visitation, awarded custody of the parties' children to the mother, and awarded him supervised visitation once per month.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for further proceedings in accordance herewith; and it is further,

Ordered that pending a new determination of the father's petition for custody and unsupervised visitation, the subject children shall remain with the mother.

"Family Court Act § 262 provides certain parties to particular Family Court proceedings with a statutory right to counsel. If the party in question falls within one of the enumerated subdivisions thereto, he or she must be advised by the court, before

proceeding, that he or she has the right to representation, the right to seek an adjournment to confer with counsel and the right to assigned counsel if he or she cannot afford to retain counsel" (*Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]). The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding requires reversal, without regard to the merits of the unrepresented party's position (*see Matter of Knight v Griffith*, 13 AD3d 449 [2004]; *Matter of Wilson v Bennett, supra*; *Matter of Dominique L.B.*, 231 AD2d 948 [1996]; *Matter of Patricia L. v Steven L.*, 119 AD2d 221 [1986]; *Matter of Orneika J.*, 112 AD2d 78, 80 [1985]).

Here, the petitioner clearly fell within one of the enumerated subdivisions of Family Court Act § 262 since he sought custody, or alternatively, unsupervised visitation. The Family Court thus erred in failing to properly advise him of his right to counsel. Accordingly, we reverse the order appealed from and remit the matter to the Family Court, Richmond County, for a new hearing at which the father will be fully advised of his right to counsel pursuant to Family Court Act § 262 and for such further proceedings as may be necessary, including a new determination of the father's petition. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.