Appeal from an order of the Family Court, Onondaga County (George M. Raus, Jr., R.), entered June 4, 2007 in a proceeding pursuant to Family Court Act article 6. The order dismissed the motion of respondent to vacate a prior custody order.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the order entered December 4, 2006 is vacated and the matter is remitted to Family Court, Onondaga County, for further proceedings on the petition.
Memorandum: Respondent father contends that his motion to vacate an order awarding custody of the parties’ children to petitioner mother upon his default should have been granted. We agree. As the father correctly contends, he was deprived of his right to counsel pursuant to Family Court Act § 262 because, although he did not personally appear in court, it is undisputed *1269 that he made multiple requests for the assignment of an attorney and his requests were ignored. Indeed, in support of his motion to vacate the order entered upon his default, the father asserted that he was indigent and was living in Vermont, and that his only means of transportation was a bicycle. He further asserted that he was not permitted to appear by way of the telephone. In the absence of any evidence in the record before us that the father waived the right to an attorney, reversal is required (see Matter of Arlene R. v Wynette G., 37 AD3d 1044, 1044-1045 [2007]). We note that, pending a new determination, the order entered March 22, 2006 remains in effect.
We note in addition that the Referee erred in ordering that the father’s motion would be dismissed “with [prejudice” unless the father made a donation in the amount of $500 to the Vera House, in lieu of attorney’s fees. The mother had no attorney’s fees because she had assigned counsel, and thus it is unclear on the record before us whether the payment was ordered as a sanction. In any event, “the manner in which the award was made would require its reversal” inasmuch as there was no prior notice to the father nor was he afforded the opportunity to submit any evidence with respect to his ability to pay that amount (see generally Matter of Ross v Padova, 123 AD2d 381, 384 [1986]). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.