In the Matter of SANDRA SOUZA, Respondent, v BETTY BENNETT, Appellant. MAURICE BLACKMON, Nonparty Respondent. [916 NYS2d 823]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, Betty Bennett, the paternal grandmother, appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated October 15, 2009, as, after a hearing, granted the mother's petition to modify an order of the same court dated October 10, 2008 (Boggio, Ct. Atty. Ref.), entered upon the consent of the parties, awarding the paternal grandmother sole custody of the children, so as to award the mother sole custody of the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

" '[A]s between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances' " (*Matter of Fishburne v Teelucksingh*, 34 AD3d 804, 804 [2006], quoting *Matter of General v General*, 31 AD3d 551, 552 [2006]; *see Matter of Male Infant L.*, 61 NY2d 420, 426-427 [1984]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). "Only when the nonparent establishes the existence of extraordinary circumstances will the court examine the best interests of the child" (*Matter of Fishburne v Teelucksingh*, 34 AD3d at 804; *Matter of General v General*, 31 AD3d at 552).

Here, the mother stipulated in a prior consent order awarding the paternal grandmother sole custody of the children that, in any future custody dispute, the "extraordinary circumstances" standard would be deemed satisfied, and the sole basis for the determination would be the best interests of the children. Despite that stipulation, the Family Court erred in failing to make the threshold determination of the existence of extraordinary circumstances in determining the mother's petition to modify the custody order. "[A]s a matter of public policy a stipulation in which a parent agrees that a nonparent need not show extraordinary circumstances in a future custody dispute [may] not be enforced" (*Matter of Canabush v Wancewicz*, 193 AD2d 260, 263 [1993]; *cf. Matter of Fishburne v Teelucksingh*, 34 AD3d at 805 [an existing consent order does not constitute a judicial finding of extraordinary circumstances]; *Matter of Cockrell v Burke*, 50 AD3d 895, 896 [2008]).

While the record is insufficient to permit this Court to determine whether such extraordinary circumstances exist (*see Matter of Canabush v Wancewicz*, 193 AD2d at 263), we need not remit this matter to the Family Court, Suffolk County, for a determination of that issue, since, in any event, there is a sound and substantial basis in the record to support the Family Court's determination that a substantial change in circumstances exists requiring a modification of custody, and that it would be in the best interests of the children for the mother to have sole custody (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Matter of Reed v Clemons*, 79 AD3d 1044 [2010]; *see generally Matter of Bennett v Jeffreys*, 40 NY2d 543 [1976]; *Matter of Metcalf v Odums*, 35 AD3d 865 [2006]).

The appellant's remaining contentions are without merit. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.