■ In the Matter of TADIAN RICHARDS, Respondent, v CYNTHIA WILLIAMS, Appellant. (Proceeding No. 1.) In the Matter of CYNTHIA WILLIAMS, Appellant, v TADIAN RICHARDS, Respondent. (Proceeding No. 2.) [923 NYS2d 881]—

In two related child custody proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Kings County (O'Shea, J.), dated December 18, 2009, which, after a hearing, granted the mother's petition for custody of the subject children and, in effect, denied her petition for custody of the children.

Ordered that the order is affirmed, without costs or disbursements.

A parent may not be deprived of his or her right to custody of his or her child absent "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see also Matter of Souza v Bennett*, 81 AD3d 836 [2011]; *Matter of Fishburne v Teelucksingh*, 34 AD3d 804 [2006]). Upon such a threshold showing, the court may then proceed to inquire into the best interests of the child (*see Matter of Bennett v Jeffreys*, 40 NY2d at 549; *see also Matter of Souza v Bennett*, 81 AD3d 836 [2011]; *Matter of Fishburne v Teelucksingh*, 34 AD3d 804 [2006]). The burden of establishing the existence of extraordinary circumstances is on the party seeking to deprive the natural parent of custody (*see Matter of Cambridge v Cambridge*, 13 AD3d 443 [2004]; *Matter of Katherine D. v Christine D.*, 187 AD2d 587, 588 [1992]).

Here, the Family Court properly found that the maternal grandmother failed to establish the existence of extraordinary circumstances to warrant a hearing regarding the children's best interests, where credible evidence established that, although the children resided with the grandmother for the majority of their lives, the mother did not relinquish the care and control of her children, lived with them for significant periods of time, visited when possible during the periods of time that she did not live with them, and provided the grandmother with financial support (*see Matter of Tolbert v Scott*, 42 AD3d 548, 549 [2007]; *Matter of Cambridge v Cambridge*, 13 AD3d at 444). Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.