# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**684**

**CAF 10-02092**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF MINDY L. HOWARD,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STEVE W. HOWARD, RESPONDENT,
AND SHIRLEY MCLOUGHLIN, RESPONDENT-RESPONDENT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR PETITIONER-APPELLANT.

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR RESPONDENT-RESPONDENT.

STEPHANIE N. DAVIS, ATTORNEY FOR THE CHILD, OSWEGO, FOR APRIL H.

---------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered September 17, 2010 in a proceeding pursuant to Family Court Act article 6.  The order dismissed the petition for modification of custody.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Oswego County, for further proceedings in accordance with the following Memorandum: Petitioner mother appeals from an order dismissing her pro se petition to modify an order of custody entered upon consent.  That prior order, inter alia, awarded the mother and respondent grandmother joint legal custody of the child and awarded the grandmother primary physical custody of the child.  We agree with the mother that Family Court erred in dismissing her petition without first receiving a report from the Referee and providing the mother an opportunity to object to it (*see* CPLR 4320 [b]; 22 NYCRR 202.44 [a]; *see also Matter of Wilder v Wilder*, 55 AD3d 1341).  The record establishes that the Referee was authorized only to hear the matter and issue a report inasmuch as there is no evidence that the parties consented to referral to the Referee for a final determination on the petition (*see Wilder*, 55 AD3d 1341).  We further agree with the mother that the Referee's failure to advise her of the right to counsel pursuant to Family Court Act § 262 (a) (v) constitutes reversible error (*see Matter of Arlene R. v Wynette G.*, 37 AD3d 1044).  "The deprivation of a party's right to counsel guaranteed by [that] statute 'requires reversal, without regard to the merits of the unrepresented party's position' " (*Matter of Collier v Norman*, 69 AD3d 936, 937).  We therefore reverse the order, reinstate the mother's petition and remit the matter to Family

Court for further proceedings on the petition.