Matter of deMarc v Goodyear (2018 NY Slip Op 05095)





Matter of deMarc v Goodyear


2018 NY Slip Op 05095


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


696 CAF 17-01771

[*1]IN THE MATTER OF JEANENE JUNE DEMARC, PETITIONER-APPELLANT,
v
PATRICIA ANN GOODYEAR, RESPONDENT-RESPONDENT. 






MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT.
DYER LAW OFFICES, P.C., SYRACUSE (ANDREA M. FERRO OF COUNSEL), FOR RESPONDENT-RESPONDENT.


 Appeal from an order of the Family Court, Onondaga County (William W. Rose, R.), entered June 15, 2017 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking joint custody of, and visitation with, the five subject children, all of whom were born to respondent and conceived by the implantation of fertilized eggs. With respect to her standing to commence this proceeding, petitioner alleged that she and respondent had previously been involved in a romantic relationship, and that they entered into an agreement to raise and co-parent the child that was alive when the parties met. Petitioner further alleged that, prior to the conception of the younger four children, the parties also agreed that respondent would conceive additional children and the parties would jointly raise them as a family. The Referee granted a hearing on the issue of petitioner's standing to seek custody of the children, at which petitioner's testimony was consistent with the petition. Petitioner also introduced additional evidence on the issue, including that she was listed as a parent on the birth certificate of one of the children, who had petitioner's last name as his middle name, that the middle names of several of the other children were the same as petitioner's first or middle names, and that respondent told one of her child care providers that respondent "wanted to raise a family with" petitioner. During cross-examination of petitioner and her witnesses, respondent introduced evidence to the contrary. At the conclusion of petitioner's case, the Referee granted respondent's motion pursuant to CPLR 4401 to dismiss the petition.
We agree with petitioner that the Referee erred in dismissing the petition. A motion to dismiss pursuant to CPLR 4401 "should not be granted where the facts are in dispute or where different inferences might reasonably be drawn from undisputed facts, or where the issue depends upon the credibility of witnesses . . . The court cannot properly undertake to weigh the evidence, but must take that view of it most favorable to the [nonmoving] party . . . The test is whether the trial court could find that by no rational process could the trier of the facts base a finding in favor of the [nonmoving party] upon the evidence here presented" (Cox v Don's Welding Serv., 58 AD2d 1013, 1013 [4th Dept 1977] [internal quotation marks omitted]; see Matter of Wright v State of New York, 134 AD3d 1483, 1484-1485 [4th Dept 2015]). Thus, "[i]n determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom . . . The question of credibility is irrelevant, and should not be considered" (Matter of Mack v Richardson, 150 AD3d 740, 741 [2d Dept 2017] [internal quotation marks omitted]).
Here, the Referee made credibility determinations and weighed the probative value of the evidence in making a determination on the motion to dismiss. Consequently, we reverse the order, reinstate the petition and remit the matter to Family Court to determine, after a full hearing, whether petitioner, by clear and convincing evidence, has established with respect to the four younger children that she "has agreed with the biological parent of the child[ren] to conceive and raise [them] as co-parents" (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 28 [2016]), and whether, despite being a "partner without such an agreement [she] can establish standing" with respect to the older child (id.).
We reject petitioner's further contention that the Referee erred in bifurcating the hearing and limiting the preliminary inquiry to the issue of petitioner's standing to seek custody of the subject children. "The standing issue must be resolved first" and, "if standing is found," the Referee should then determine whether joint custody and visitation is in the best interests of the children (Matter of Emanuel S. v Joseph E., 78 NY2d 178, 183 [1991]; cf. Matter of Lynda D. v Stacy C., 37 AD3d 1151, 1151 [4th Dept 2007]; see generally Matter of Wilson v McGlinchey, 2 NY3d 375, 380 [2004]).
We agree with petitioner, however, that the Referee erred in failing to appoint an attorney for the children under the circumstances of this case (see Matter of Arlene R. v Wynette G., 37 AD3d 1044, 1045 [4th Dept 2007]; cf. Lee v Halayko, 187 AD2d 1001, 1002 [4th Dept 1992]). Thus, upon remittal, counsel should be appointed for the children.
Finally, insofar as petitioner's brief may be read to challenge the Referee's denial of her request for interim visitation, we do not consider that challenge. At the conclusion of the hearing on this matter, the Referee issued a stay-away order of protection with respect to a different petition, to which petitioner stipulated, thus rendering moot petitioner's challenge to the earlier ruling (see generally Matter of Salo v Salo, 115 AD3d 1368, 1368 [4th Dept 2014]). We further conclude that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court