Matter of Renee S. v Heather U. (2021 NY Slip Op 03635)





Matter of Renee S. v Heather U.


2021 NY Slip Op 03635


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

526875
[*1]In the Matter of Renee S., Appellant,
v
Heather U. et al., Respondents. (And Three Other Related Proceedings.)

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Buzzetti Law Office, Elmira (Matthew J. Buzzetti of counsel), for appellant.
Christopher A. Barton, Elmira, for Heather U., respondent.
Lisa K. Miller, McGraw, for Jamie T., respondent.
Allen E. Stone, Vestal, attorney for the child.



Lynch, J.
Appeal from an amended order of the Family Court of Chemung County (Tarantelli, J.), entered June 28, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Respondent Jamie T. (hereinafter the mother) is the mother of a child (born in 2014). Petitioner (hereinafter the grandmother) is the child's maternal stepgrandmother and respondent Heather U. (hereinafter the great aunt) is the grandmother's sister. In March 2015, Family Court approved a custody and visitation agreement between the parties (hereinafter the 2015 order) under which they agreed to share joint legal custody of the child, with the great aunt having primary legal custody and the mother and the grandmother having "secondary legal custody." It was further agreed that the great aunt would have "physical placement" of the child in Arizona, with the mother having the right to visit the child in Arizona and to video chat with him on a regular basis. For one month per year, the child would reside "in New York in the care of [the grandmother]," contingent on the great aunt being able to afford airfare to transport him. Finally, the parties agreed that the great aunt would not have the child circumcised "unless medically necessary."
On January 13, 2017, the grandmother filed a modification petition seeking physical custody of the child, as well as an enforcement petition alleging that the great aunt had violated the 2015 order by, among other things, having the child circumcised without notice to the mother or grandmother and without "proof that [it was] medically necessary." During the February 2017 initial appearance on the grandmother's petitions, Family Court denied her request for assigned counsel on the basis that she was "not a physical custodian," but informed her that she had a right to retain counsel herself. The mother expressed that she would be filing her own petition for custody and the great aunt opposed the grandmother's modification petition.
In March 2017, the mother filed modification and enforcement petitions of her own, both of which named the grandmother and the great aunt as respondents. In her modification petition, the mother sought sole legal and primary physical custody or, alternatively, placement with the grandmother. The enforcement petition claimed that the great aunt had failed to provide the mother with consistent visitation, and both the great aunt and the grandmother had "tr[ied] to control [the mother's] access to [the child]." At a March 2017 appearance on the mother's petitions, Family Court again advised the grandmother that, although she had applied for assigned counsel, it was not "at liberty" to accommodate her request since she had not "had a period of custody with this specific child."
At the beginning of the fact-finding hearing on the respective petitions, the mother withdrew her request for custody, making clear [*2]that she was seeking to have the child placed with the grandmother in New York and expanded visitation for herself. Following the hearing — at which the mother and the great aunt were represented by counsel but the grandmother participated pro se — Family Court, as relevant here, awarded the great aunt sole legal and physical custody of the child upon a finding of extraordinary circumstances,[FN1] dismissed the enforcement petitions, and directed the great aunt to "encourage and accommodate visits from the mother [and] . . . grandmother" in Arizona. The grandmother appeals.
The grandmother's sole contention on appeal is that she was statutorily eligible for assigned counsel to represent her at the fact-finding hearing pursuant to Family Ct Act § 262 (a) (iii) and (vi). As such, she argues that Family Court committed reversible error in failing to advise her of that right at the March 2017 appearance and in summarily denying her request. Family Ct Act § 262 provides certain persons in Family Court proceedings with a statutory right to the assistance of counsel and sets forth parameters with which a court must abide pertaining to that right. When a person described in the statute "first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same" (Family Ct Act § 262 [a]). The persons described in Family Ct Act § 262 (a) include, as pertinent here, "the respondent in any proceeding under part three of [Family Ct Act article 6]" or "any person in any proceeding before the court in which an order or other determination is being sought to hold such person in contempt of the court or in willful violation of a previous order" (Family Ct Act § 262 [a] [iii], [vi]). "The deprivation of a party's fundamental right to counsel [under Family Ct Act § 262] requires reversal, without regard to the merits of the unrepresented party's position" (Matter of Wright v Walker, 103 AD3d 1087, 1087-1088 [2013] [internal quotation marks and citations omitted]; see Matter of Bernard UU. v Kelly VV., 28 AD3d 880, 881 [2006]; Matter of Wilson v Bennett, 282 AD2d 933, 934 [2001]).
The grandmother was a petitioner — not a respondent — at the February 2017 appearance (see Matter of Anjoulic J., 18 AD3d 984, 988 [2005]). At that point, her petition did not trigger Family Ct Act § 262 (a) (iii) or (iv). The further question is whether the grandmother became potentially eligible for assigned counsel upon the filing of the mother's petitions.
We find merit to the grandmother's argument that she was potentially eligible for the assignment of counsel at the March 2017 appearance and that Family Court erred in failing to advise her of that right. The purpose of providing counsel to certain persons [*3]involved in Family Court proceedings is to provide protection against "infringements of fundamental interests and rights" (Family Ct Act § 261). The grandmother was listed as a respondent in the mother's modification petition brought under Family Ct Act article 6, part 3 (see Family Ct Act § 262 [a] [iii]; Matter of Wilson v Bennett, 282 AD2d at 934), which sought sole legal and primary physical custody of the child. As of the initial appearance on that petition in March 2017, the grandmother jointly shared "secondary legal custody" with the mother. Accordingly, the mother's request for sole legal custody of the child, if granted, had the potential to alter the grandmother's custodial rights. We are mindful that the mother subsequently withdrew her request for custody and instead advocated for the child's placement with the grandmother. However, she did not do so until the fact-finding hearing, nearly four months after the March 2017 appearance. Family Ct Act § 262 (a) requires the court to advise an eligible person of the right to counsel "[w]hen such person first appears in court" (emphasis added). As the grandmother was potentially eligible for assigned counsel under Family Ct Act § 262 (a), upon a showing of the required financial circumstances, the court was obligated to advise her of that right at the March 2017 appearance (see Matter of Wright v Walker, 103 AD3d at 1088; Matter of Bernard UU. v Kelly VV., 28 AD3d at 881).[FN2]
Our conclusion is further informed by the great aunt's status as the primary custodian, her position throughout these proceedings and Family Court's ultimate determination. Although the great aunt never cross-petitioned for custody — and, thus, never formally named the grandmother as a respondent in a custody proceeding — she opposed the grandmother's request to change the custodial arrangement and, during the fact-finding hearing, made clear that she was seeking sole legal custody. Family Court treated the matter as dueling requests for custody between the grandmother and the great aunt, and its determination to award the great aunt sole legal and physical custody of the child fundamentally altered the grandmother's rights under the 2015 order. "Under any interpretation of the proceeding[s], this should not have occurred in the absence of an advisement to [the grandmother] — as the respondent in such a custody inquiry — of [her] right to counsel, including assigned counsel if indigent and the right to seek an adjournment to confer with counsel" (Matter of Edwards v Cade, 33 AD3d 1087, 1089 [2006]). Although we have determined that Family Court erred in failing to provide the notice required under Family Ct Act § 262 (a), the question remains whether the grandmother would have been eligible for the assignment of counsel based upon her financial circumstances. This is a threshold issue that must be resolved before we can determine the merits of this appeal. As such, we withhold decision and remit the matter [*4]to Family Court to render a determination as to the grandmother's eligibility for assigned counsel as of the filing of the mother's March 2017 petition.
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the terms of the amended order shall remain in effect on a temporary basis.



Footnotes

Footnote 1: Because the mother withdrew her consent to the child being placed in the custody of the great aunt and no prior judicial extraordinary circumstances finding had been made, Family Court correctly found that a threshold extraordinary circumstances finding was required to award custody to a nonparent (see Matter of Byler v Byler, 185 AD3d 1403, 1404 [2020]; Matter of Ramos v Ramos, 75 AD3d 1008, 1010 [2010]).

Footnote 2: There is no indication in the record that the grandmother intentionally waived that right (see Matter of Hensley v DeMun, 163 AD3d 1100, 1102 [2018]). The grandmother's application for assigned counsel is not included in the record on appeal, precluding verification of her financial circumstances for eligibility purposes. Nor did Family Court make an express determination regarding the grandmother's financial means.