■ In the Matter of PARK REALTY CORPORATION, Appellant, v HYDRANIA, INC., et al., Respondents. [793 NYS2d 611]—

Rose, J. Appeal from an order of the County Court of Clinton County (McGill, J.), entered November 17, 2003, which reversed a judgment of the Town Court of the Town of Beekmantown in favor of petitioner.

Petitioner, a Delaware corporation jointly owned by Albert Fraccola Jr. (hereinafter Fraccola) and his ex-wife, respondent Phyllis Fraccola (hereinafter respondent), holds title to a parcel of real property in Broome County and another in Clinton County. Fraccola conducts an adult entertainment business at the Broome County location and respondent conducts a similar business at the Clinton County location. When their business relationship deteriorated, Fraccola caused petitioner to commence this summary proceeding pursuant to RPAPL 713 to recover the business premises in Clinton County, alleging that respondent is a squatter (*see* RPAPL 713 [3]). After a nonjury

trial in Town Court, possession was awarded to petitioner, and respondent appealed to County Court. At that point, Chancery Court of the State of Delaware issued an order finding petitioner to be a joint venture engaged in by Fraccola and respondent, dissolving petitioner and holding that, subsequent to winding up, petitioner must deed its remaining property to Fraccola and respondent as tenants in common. County Court then considered Chancery Court's rulings in reaching its determination to reverse and dismiss the petition. Petitioner now appeals.

While we agree that petitioner is not precluded from prosecuting this proceeding or its appeal despite its posttrial dissolution in Chancery Court (*see* Business Corporation Law § 1006 [b]), we also conclude that County Court properly considered the rulings of Chancery Court and treated the corporations owned by Fraccola and respondent as their alter egos. Although dehors the record, reliable documents—such as Chancery Court's order, the existence and accuracy of which are not disputed—may be considered for the purpose of modifying or reversing an order under appellate review (*see Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291, 299 [1974]; *Brandes Meat Corp. v Cromer*, 146 AD2d 666, 667 [1989]).

Here, Chancery Court's decision adjudicated the joint ownership interests of Fraccola and respondent, petitioner does not dispute its content or authenticity and it clearly affected the parties' rights on the appeal to County Court. Thus, although Chancery Court's order was issued after Town Court issued its judgment, County Court properly considered it. Given this evidence, together with the extensive accounts of the dealings between Fraccola and respondent in operating their respective businesses, there is no real dispute that they were using their various corporations to conduct business for purely personal rather than corporate ends (*see Walkovszky v Carlton*, 18 NY2d 414, 418 [1966]). Accordingly, County Court properly ignored their corporate entities in concluding that respondent and her associated businesses were not squatters who could be summarily evicted.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.