■ ANNA MARIA INTERRANTE, Respondent, v RICHARD R. Rozzi, Appellant. [809 NYS2d 663]—

Mercure, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered May 21, 2004 in Ulster County, which, inter alia, found defendant in violation of a prior order of Supreme Court.

Plaintiff commenced this action for a divorce in 1996. In October 1999, Supreme Court (Bradley, J.) granted plaintiff a preliminary injunction prohibiting defendant from selling, transferring or otherwise disposing of the parties' marital assets, including stocks and securities, during the pendency of the action. Following trial, Supreme Court (Kavanagh, J.) issued a decision and order in February 2003 that, among other things, awarded plaintiff a judgment of divorce and directed equitable distribution of the marital assets. In May 2004, the court stayed

that decision and order pending an accounting of the marital assets and, thus, did not enter a judgment of divorce. The court also ruled that the October 1999 restraining order was still in effect and that defendant was in violation of it. Defendant now appeals from the May 2004 order.

We affirm. Both the record and defendant's admissions as reflected in a Supreme Court order issued subsequent to the May 2004 order fully support the court's finding that the restraining order continued in force and effect, and that defendant knowingly violated that order. Contrary to defendant's argument that the subsequent order may not be considered, "an incontrovertible official document, even though it is dehors the record, may be considered on appeal for the purpose[ ] of sustaining a judgment" (*Brandes Meat Corp. v Cromer*, 146 AD2d 666, 667 [1989]; *see Matter of Park Realty Corp. v Hydrania Inc.*, 17 AD3d 898, 899 [2005]). Finally, given defendant's admitted misappropriation of marital assets, we cannot say that Supreme Court abused its discretion in granting plaintiff leave for an accounting prior to entry of judgment (*see generally Pagello v Pagello*, 17 AD3d 428, 429 [2005]).

Defendant's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.