■ In the Matter of Chloe Q., a Neglected Child. Clinton County Department of Social Services, Respondent; Dawn Q., Respondent. Jason Q., Appellant. [892 NYS2d 567]—McCarthy, J.

Jason Q. (hereinafter the father) was convicted of various crimes involving the sexual abuse of his stepson, who is the child of respondent (hereinafter the mother). The father and the mother are the parents of Chloe Q. (born in 2002). As a result of the sexual abuse and the mother's support of the father in connection with his criminal trial, Supreme Court found both children to be neglected. The children were placed in the care of petitioner and came to reside in the certified foster home of their maternal grandparents. A permanency hearing was held on August 27, 2008 which resulted in an order extending placement of the children with petitioner and their grandparents. The father, who is and will continue to be incarcerated for many years, filed an appeal with respect to the continued placement of his daughter, contending that it is in the child's best interests to be returned to the mother. The mother did not file an appeal.

In their briefs, petitioner and the attorney for the daughter

notified this Court that subsequent to the filing of this appeal, the father, through his attorney, consented to an order granting custody of the daughter to the maternal grandparents. Although this Court is generally without power to consider matters not included in the record on appeal, there is an exception for considering reliable documents, the existence and accuracy of which are not in dispute (*see Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291, 299 [1974]; *Interrante v Rozzi*, 26 AD3d 704, 705 [2006]; *Matter of Park Realty Corp. v Hydrania Inc.*, 17 AD3d 898, 899 [2005]). The father has filed no reply disputing the existence and accuracy of the custody order. In addition, the order granting custody upon consent is a matter of public record of which we may take judicial notice (*see Brandes Meat Corp. v Cromer*, 146 AD2d 666, 667 [1989]). Accordingly, we deem this appeal moot and do not reach the merits (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of King v Jackson*, 52 AD3d 974, 975 [2008]).

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.