Matter of Salgado v Santiago (2019 NY Slip Op 09146)





Matter of Salgado v Santiago


2019 NY Slip Op 09146


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1086 CAF 18-00750

[*1]IN THE MATTER OF TANYA M. SALGADO, PETITIONER-APPELLANT,
v
JUDITH SANTIAGO, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
CENTER FOR ELDER LAW & JUSTICE, BUFFALO (DAVID A. SHAPIRO OF COUNSEL), FOR RESPONDENT-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE YOON OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered November 30, 2017 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, petitioner mother appeals, in appeal Nos. 1 and 2, from two orders granting respondent grandmother's motion to dismiss the mother's petition seeking to modify a prior consent order awarding custody of the subject child to the grandmother. In appeal No. 3, the mother appeals from an order granting respondent father's motion to dismiss the mother's petition against him seeking custody of the child.
We dismiss the appeal from the order in appeal No. 2 because that order is duplicative of the order in appeal No. 1 (see Matter of Machado v Tanoury, 142 AD3d 1322, 1322-1323 [4th Dept 2016]; Matter of Chendo O., 175 AD2d 635, 635 [4th Dept 1991]). Furthermore, while these appeals were pending, Family Court entered a subsequent order that, on consent of the parties, awarded sole custody of the child to the father. The mother has not disputed that fact, and the subsequent order "is a matter of public record of which we may take judicial notice" (Matter of Kadyn J. [Kelly M.H.], 109 AD3d 1158, 1161 [4th Dept 2013] [internal quotation marks omitted]; see Matter of Chloe Q. [Dawn Q.—Jason Q.], 68 AD3d 1370, 1371 [3d Dept 2009]). We therefore conclude that the subsequent custody order renders these appeals moot (see Matter of Cullop v Miller, 173 AD3d 1652, 1652-1653 [4th Dept 2019]). We further conclude that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Thus, appeal Nos. 1 and 3 must also be dismissed (see Matter of Nyjeem D. [John D.], 174 AD3d 1424, 1425 [4th Dept 2019]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court