Matter of Renee S. v Heather U. (2021 NY Slip Op 04582)





Matter of Renee S. v Heather U.


2021 NY Slip Op 04582


Decided on July 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 29, 2021

526875
[*1]In the Matter of Renee S., Appellant,
v
Heather U., Respondent. (And Three Other Related Proceedings.)

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Buzzetti Law Office, Elmira (Matthew J. Buzzetti of counsel), for appellant.
Christopher A. Barton, Elmira, for Heather U., respondent.
Lisa K. Miller, McGraw, for Jamie T., respondent.
Allen E. Stone Jr., Vestal, attorney for the child.



Lynch, J.
Appeal from an amended order of the Family Court of Chemung County (Tarantelli, J.), entered June 28, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
On June 10, 2021, we withheld decision on this appeal and remitted the matter to Family Court to make factual findings on the financial circumstances of petitioner (hereinafter the grandmother) as of March 2017 (___ AD3d ___, ___, 2021 NY Slip Op 03635, *3 [2021]). Such information was necessary to resolve whether the grandmother was statutorily entitled to assigned counsel to represent her at a fact-finding hearing on a custody modification petition and, concomitantly, whether Family Court committed reversible error in denying her request (see Family Ct Act § 262 [a] [iii]). Family Court has now inquired into the grandmother's financial circumstances as of March 2017 and has determined that she was eligible for assigned counsel as of that date. That determination would ordinarily compel us to reverse the amended order on appeal and remit the matter for a new fact-finding hearing on the grandmother's petition, with counsel assigned to represent her thereat (see Family Ct Act § 262 [a] [iii]; Matter of Wright v Walker, 103 AD3d 1087, 1088 [2013]; Matter of Bernard UU. v Kelly VV., 28 AD3d 880, 881 [2006]; Matter of Wilson v Bennett, 282 AD2d 933, 935 [2001]). However, certain developments have come to our attention that dictate dismissal of this appeal.
As reflected in the June 16, 2021 remittal order issued by Family Court, counsel was assigned to represent the grandmother at a subsequent appearance and a new order, dated March 2, 2020, was entered "upon agreement of the parties and in settlement of all pending petitions."[FN1] The March 2020 order made two modifications to the visitation terms of the underlying March 20, 2018 order,[FN2] but otherwise continued that order "in full force and effect," including the provision awarding respondent Heather U. sole legal and physical custody of the child. Having now consented to the underlying custody structure that is the subject of this appeal, the grandmother is no longer aggrieved by the order of which she seeks review (see generally Matter of Hailey S. [Jason T.], 188 AD3d 1497, 1498 [2020]). We also note that, because the grandmother's rights "will [not] be directly affected by the determination of the appeal," the appeal is moot (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see generally Matter of Chloe Q. [Dawn Q.—Jason Q.], 68 AD3d 1370, 1371 [2009]), and the exception to the mootness doctrine does not apply.
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: We take judicial notice of the March 2020 order, a copy of which was annexed to Family Court's June 16, 2021 remittal order (see Matter of Christopher Y. v Sheila Z., 173 AD3d 1396, 1397 [2019]; Matter of Mosier v Cole, 129 AD3d 1346, 1347 n 2 [2015]).

Footnote 2: The June 2018 order on appeal amended the March 2018 order in minor respects, but the provisions pertaining to the grandmother's rights are identical in both orders. Therefore, we view the March 2018 and June 2018 orders to be one and the same for purposes of this appeal.