Matter of Andrew YY. v Gabriela XX. (2024 NY Slip Op 03212)

Matter of Andrew YY. v Gabriela XX.

2024 NY Slip Op 03212

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-0303
[*1]In the Matter of Andrew YY., Respondent,
v
Gabriela XX., Appellant. (Proceeding No. 1.)
In the Matter of Gabriela XX., Appellant,
v
Andrew YY., Respondent. (Proceeding No. 2.) (And Four Other Related Proceedings.)

Calendar Date:May 3, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Christopher Hammond, Cooperstown, for appellant.
Michelle I. Rosien, Philmont, for respondent.
Joan E. Mencel, Endwell, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Broome County (Veronica M. Gorman, J.) entered January 31, 2023, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Andrew YY. (hereinafter the father) and Gabriela XX. (hereinafter the mother) are the parents of one child (born in 2016). Pursuant to the terms of a 2019 stipulation between the parties, Family Court (Connerton, J.) issued an order that awarded the mother sole legal and primary physical custody of the child, with parenting time to the father. In January 2021, the father filed a modification petition seeking sole legal and physical custody of the child, and shortly thereafter the mother filed a modification petition and family offense petition alleging that the father sexually abused the child. Following an investigation that found such allegations against the father to be unfounded, the father amended his petition by providing, among other things, detailed accounts of the mother withholding the child from the father when he should have been permitted to exercise his parenting time. Following a fact-finding hearing, in January 2023 Family Court (Gorman, J.) granted the father's modification petition, awarding him sole legal and primary physical custody of the child with certain parenting time to the mother, and dismissed the mother's petitions. The mother appeals.
While this appeal was pending, the parties filed additional petitions against each other, including the mother filing a petition for modification of custody. In April 2024, pursuant to an agreement between the parties, Family Court issued a subsequent order that continued sole legal and primary physical custody of the child with the father, and granted the mother parenting time that was greater than what was provided for in the 2023 order. Notably, the subsequent order expressly provided that it "shall supersede all prior orders and resolves the petitions pending under the above referenced docket numbers." Although the mother contends that this does not render her appeal moot, we agree with the father and the appellate attorney for the child that, given the express language of the order, "which was issued subsequent to and clearly superseded the order appealed from," this matter is moot (Matter of Christopher N. v Karoline O., 196 AD3d 774, 776 [3d Dept 2021]; see Matter of Carella v Ferrara, 9 AD3d 605, 605 [3d Dept 2004]; see also Matter of Bradley J., 23 AD3d 799, 799-800 [3d Dept 2005]; compare Matter of Linda UU. v Dana VV., 212 AD3d 906, 907 [3d Dept 2023], lv denied 39 NY3d 913 [2023]). Indeed, the mother has now consented to the underlying custody structure that was the subject of this appeal, and therefore her rights are not directly affected by the determination of this appeal (see Matter of Renee S. v Heather U., 196 AD3d 1014, 1015-1016 [3d Dept 2021]; Matter of Chloe Q. [Dawn Q.-Jason Q.], 68 AD3d 1370, 1371 [3d Dept [*2]2009]).Accordingly, since the mootness exception does not apply, the appeal must be dismissed.
Garry, P.J., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.