Matter of District Attorney of Columbia County v Nussinow (2026 NY Slip Op 01108)

Matter of District Attorney of Columbia County v Nussinow

2026 NY Slip Op 01108

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CV-25-0209
[*1]In the Matter of District Attorney of Columbia County, on Behalf of Lucky Orphans Horse Rescue Inc., Respondent,
vAndrea Nussinow, Appellant.

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

Joshua D. Haar, West Edmeston, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson (Brett Michael Fuller of counsel), for respondent.

Pritzker, J.
Appeals (1) from an order of the Town Court of Germantown, Columbia County (Wendy Nack-Lawlor, J.), dated September 18, 2024, which, in a proceeding pursuant to Agriculture and Markets Law § 373, required respondent to post security and, (2) from an order of said court, entered October 18, 2024, which granted petitioner's application for forfeiture of seized animals.
Lucky Orphans Horse Rescue Inc. is a nonprofit horse sanctuary and an impounding organization as defined by the Agriculture and Markets Law (see Agriculture and Markets Law § 373 [6]). In July 2024, the State Police executed a search warrant on respondent's property, resulting in the seizure of 13 horses based upon allegations that respondent failed to provide proper sustenance in violation of Agriculture and Markets Law § 353. Respondent was arrested and charged with 13 counts of violating Agriculture and Markets Law § 353, and the seized horses were placed in Lucky Orphans' care and custody.
Petitioner, on behalf of Lucky Orphans, filed a petition requiring respondent to post security, pursuant to Agriculture and Markets Law § 373 (6), for the costs incurred for housing and caring for the horses for 30 days. Following a bond hearing, Town Court orally ordered respondent to post a cash security bond in the requested amount within five days. Respondent immediately requested a stay pending appeal, which the court denied. Thereafter, respondent, by letter motion in County Court, requested a stay of Town Court's order pending appeal. County Court (Herman, J.), denied the request without addressing the merits and directed respondent to article 17 of the Uniform Justice Court Act and CPLR articles 55 and 78 for the proper procedure to appeal Town Court's order. Subsequently, after respondent failed to post the security bond within five days, Town Court issued a written order forfeiting respondent's "right, title, and interest" in the horses and vested ownership in the horses to Lucky Orphans (see Agriculture and Markets Law § 373 [6] [b] [2]). Respondent appeals from Town Court's oral and written orders.
Respondent's appeals must be dismissed because Town Court's orders are not appealable to this Court (see UJCA 1701). Rather, the proper procedure would be for respondent to appeal those orders to County Court (compare Matter of Park Realty Corp. v Hydrania Inc., 17 AD3d 898, 899 [3d Dept 2005], and Matter of Kern v Guller, 40 AD3d 1231, 1232 [3d Dept 2007], with Viscusi v Albany County Dental Assoc., 226 AD3d 1124, 1125 [3d Dept 2024]).
Garry, P.J., Clark, Powers and Corcoran, JJ., concur.
ORDERED that the appeals are dismissed, without costs.