Jennifer O. v Kevin O.

2026 NY Slip Op 02005

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jennifer O., Respondent,

v

Kevin O., Appellant.

Decided and Entered:April 2, 2026

CV-24-0842

Calendar Date: February 18, 2026

Before: Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers And Mackey, JJ.

Constantina Hart, Kauneonga Lake, for appellant.

Jennifer O., New Paltz, respondent pro se.

Ivy M. Schildkraut, Rock Hill, attorney for the children.

[*1]

Ceresia, J.

Appeal from an order of the Supreme Court (Julian Schreibman, J.), entered April 8, 2024 in Ulster County, which, among other things, partially denied defendant's cross-motion to modify a prior order of visitation.

Plaintiff (hereinafter the mother) and defendant (hereinafter the father) are the parents of two children (born in 2010 and 2014). In 2019, a judgment of divorce was entered that incorporated but did not merge the terms of the parties' stipulation of settlement. That stipulation provided that the mother would have primary physical custody of the children, with parenting time for the father on certain midweek overnights. In February 2023, the mother moved, among other things, to modify the father's parenting time by eliminating his overnight visits, contending that the father's living situation which involved frequent moves and, at times, unrelated adult roommates was too chaotic and unstable. The father opposed and cross-moved for additional parenting time on the weekends. In April 2024, following a three-day fact-finding hearing and a Lincoln hearing, Supreme Court denied the mother's motion and partially granted the father's cross-motion to the extent of setting a new schedule whereby he would have overnight parenting time every other weekend upon the conditions that he maintain a private bedroom for the children and that he not permit any unrelated men to live in his home. This new schedule resulted in an overall reduction in the father's parenting time, and the father appeals.

The mother and the attorney for the children argue that this appeal is moot, citing a subsequent custody and parenting time order entered by Supreme Court upon the parties' consent in July 2025. The father concedes, and we agree, that the July 2025 order renders moot his arguments pertaining to parenting time. However, the father maintains that one issue raised on appeal is not moot that is, his claim that the court abused its discretion in its April 2024 order by conditioning the father's overnight visits on the directive that he not reside with any unrelated men. The father argues that this requirement operates independently of the custody and parenting time provisions and has not been superseded by the July 2025 order.

Although the July 2025 order did not expressly indicate that it superseded the April 2024 order, the wording of the later order clearly eliminated the restriction about which the father now complains. In the April 2024 order, in the context of addressing suitable accommodations for the children on overnight visits, the father was prohibited from having an unrelated male roommate. In that same context, the July 2025 order authorized the father to have overnight visits at the home of "an adult friend of the [f]ather," thereby effectively removing any prohibition against overnight visits in a home with an unrelated male. Accordingly, the appeal has been rendered fully moot (see Matter of Andrew YY. v Gabriela XX., 228 AD3d 1091, 1092-1093[*2][3d Dept 2024]; Matter of Renee S. v Heather U., 196 AD3d 1014, 1016 [3d Dept 2021]). Finally, the exception to the mootness doctrine does not apply.

Reynolds Fitzgerald, J.P., Fisher, Powers and Mackey, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without costs.